No. 5877.

THE TEXAS PACIFIC RAILWAY COMPANY v. MARY M. DAVIDSON.

1. STATUTE OF LIMITATIONS.—When the cause of action is an injury result-
ing from the alleged negligence of the defendant, the time, place and
circumstances of which are stated in the original petition, which is filed
before limitation has barred the action, limitation can not be pleaded to
an amendment which states more' fully than the original petition the
·results of the injury, and which is filed at a time when the statute would
bar a recovery on a suit then brought.

2. DAMAGES—NEGLIGENCE.—If one entitled to the rights of a passenger on
a railway train is, without being guilty of contributory negligence, in-
jured in the effort to get on the train, which has started from a stopping
place before the time designated to the passenger by the conductor in
charge, the company is liable in damages for the injury.

3. VERDICT—EXCESSIVE DAMAGES.—A woman fifty-seven years old, who
was a passenger on a railway train, was told at a station that she had ten
minutes within which to recheck her baggage. Within that time she
attempted to get on a car while the train was not moving, and was told by
a brakeman to get on the train, as there was plenty of time. In attempt-
ing to do so, the train started suddenly and threw her off. In falling she
received injuries. She was deprived permanently of the use of her left
arm, her power to move about as formerly was impaired, one of the bones
of her shoulder was broken, her spine injured, her general health ren-
dered bad, great pain occasioned and her system rendered more liable to
disease. *Held:*

(1) The verdict of a jury awarding damages can not be disturbed on
appeal, when found on conflicting testimony, if there is evidence to sus-
tain it. In such a case, the finding of the jury upon the facts must be
regarded as conclusive.

(2) A verdict for five thousand dollars damages was not deemed so ex-
cessive as to require a reversal.

APPEAL from Mitchell. Tried below before the Hon. William
Kennedy.

The opinion states the case.

J. D. Martin, for appellant, on his proposition asserting in
effect that limitation applied to the cause of action alleged to
have been set up in the amended petition, cited Sayles's Pleading
and Practice, section 49; Henderson v. Kissam, 8 Texas, 46;
Woolridge v. Hathaway, 45 Texas, 380.

That the burden of proof of contributory negligence on the part of the plaintiff is upon the defendant, unless plaintiff's own case exposes him to suspicion of negligence. Then he must clear off such suspicion. He cited Dallas & Wichita Railroad Company v. H. Spicker, 61 Texas, 429; Wharton on Negligence, page 426.

On his proposition that trial courts should grant new trials in cases where the verdict of the jury is contrary to or against the great preponderance of evidence and the appellate court will reverse a judgment based on a verdict which is without sufficient evidence to support it, or which is manifestly against the weight of evidence, he cited Long v. Steiger, 8 Texas, 462; Chandler v. Meckling, 22 Texas, 42; Willis v. Lewis, 28 Texas, 191; Zapp v. Michaelis, 58 Texas, 275; Houston & Texas Central Railway Company v. Schmidt, 61 Texas, 285.

On his proposition that mental suffering is not a necessary sequence of personal injuries, and must be specially pleaded before a recovery can be had therefor, he cited 5 Texas Law Review, 90; Thompson on Negligence, page 1250, section 32, volume 2.

*Fowlkes & Looney,* for appellee, on their proposition that under a general allegation of damages stating the facts, the law infers all such damages as naturally and necessarily result from the wrongful act complained of, and mental suffering is a natural and necessary sequence of great bodily injuries.

On their proposition, to the effect that the damages, were not manifestly excessive, and the verdict considering the evidence should not be disturbed, they cited Railroad Company v. Randall, 50 Texas, 261; Gulf, Colorado & Santa Fe Railway v. A. S. Dorsey, Supreme Court of Texas, Law Review, volume 6, No. 15, page 240; Railroad Company v. Garcia, 62 Texas, 285; Railroad Company v. Brett, 61 Texas, 483; Railroad Company v. McAtee, 61 Texas, 695.

Willie, Chief Justice.   This suit was by Mrs. Davidson, against the appellant, and her original petition alleged substantially as follows: The appellant, on the twenty-sixth of June, 1883, was the owner of a railroad from Fort Worth to Colorado City, and was engaged in running cars on the same and transporting passengers for hire as a common carrier; that on that day she arrived at Fort Worth from San Antonio on her way to Colorado

City, and purchased from the company's agent at Fort Worth a ticket entitling her to ride upon said cars from the latter place to Colorado City; that she was told at Fort Worth by the conductor of the train upon which she was to be a passenger that the train would not leave Fort Worth for the space of ten minutes; that so soon as she received this information she attempted, with the assistance of an employe of the company, and within the time stated, to ascend the steps of the platform, but while attempting to do so, the cars were put in motion with a sudden jerk, caused by the wrongful act and negligence of the defendant's engineer in charge of the locomotive attached to said train, and the plaintiff was violently thrown from the steps of the car against the ground, causing her serious bodily injury. It was alleged that the injuries complained of was the fracturing of a bone in the left arm, which caused her great trouble, expense and pain; that she had to procure medical aid at an expense of five hundred dollars; and that the bodily pain occasioned by the injury, and the trouble brought upon her by the loss of the use of her left arm, damaged her in the sum of ten thousand dollars.

An amended petition alleged substantially the same cause of action, but set out the facts of the case more fully. It alleged that the plaintiff was promised ten minutes of time to check her baggage at Fort Worth, but before the time expired she was instructed by an agent of the company to get on the train, and the agent was assisting her to do so when she received the fall and injury complained of, by reason of the gross negligence of appellant's agents and servants. She alleged that her head, shoulder and spine were seriously wounded; that her ability to attend to her household duties had been seriously impaired; her physical constitution enfeebled; that she had been rendered more liable to disease; that her ability to resist disease had been permanently impaired; and that she had suffered, and continued to suffer, great physical pain and mental distress. For these she claimed to the amount of ten thousand dollars damages, and five hundred dollars for medical bill. The company filed a general demurrer, and specially set up that so much of the petition as alleged injuries to the plaintiff's head, shoulder and spine, and the mental distress resulting therefrom, was a departure from the special injury alleged in the original petition, and was barred by the statute of limitations, the said injuries having occurred more than one year before the filing of the amended petition. "Not guilty" was also pleaded, and contributory negligence on the

part of the plaintiff. The court overruled the demurrer and special exception, and upon trial before a jury the appellee obtained a verdict for five thousand dollars. From the judgment rendered on this verdict this appeal is taken.

It is complained that the court erred in overruling the special exception setting up the statute of limitations. This question was thoroughly considered and decided in accordance with the views of the district judge in the case of International & Great Northern Railroad Company v. Irvine, 64 Texas, 533. In that case there was a much greater departure in the amended petition from the allegations in the original petition as to the injuries received, than in the present. This court, however, said: "The cause of action was the injury resulting from the alleged negligence of the defendant, time, place and circumstances of which were stated in the original petition, and the amendment did nothing more than to state more fully than did the original the several results of the injury. The court, therefore, did not err in overruling exceptions which presented the statute of limitation as a defense."

The decision is decisive of the question in the present case.

It is also complained that the court erred in laying too much stress in its charge upon the ten minutes time alleged to have been given by the conductor to the plaintiff in which to get her baggage checked. The court had explained to the jury the case made by the plaintiff's petition in which was an allegation that the conductor at Fort Worth promised her to hold the train ten minutes to allow her time to check her baggage. It then proceeded to state to the jury that if those averments, restating them and including the averment as to the ten minutes, were true, they should find for the plaintiff unless her own negligence contributed to the injury. No more prominence was given to the conductor's promise than to any other fact averred in the petition. Indeed, it was of disadvantage to the plaintiff that her case was made to turn upon a promise to hold the cars for any specified period of time, when she was entitled to recover if the time promised had been less or more, provided she conducted herself as a prudent passenger should have done under the circumstances. We see no objection to the charge on this account.

It is assigned as error that the court charged the jury that the burden of proof of contributory negligence on the part of the plaintiff was upon the defendant. It is not denied that this is correct as an abstract principle, but it is said that the plaintiff's

own evidence exposed her to suspicion of contributory negligence, and the burden was upon her to clear up the suspicion. But an examination of the portions of the plaintiff's evidence relied on to create this suspicion, does not bear out the appellant's proposition. Mrs. Davidson and other persons traveling with her were told by Mr. Newton, in whose charge they were, to remain at a certain place till he could have the baggage checked. This command was given and received under the supposition that ten minutes would be allowed to have the baggage checked. The party went close to the train so as to be ready to board it, and when notified by a brakeman to get on, Mrs. Davidson started to do so, when she received the injury. She remained with her companions until directed by the brakeman to get on, and it was natural that she should obey the order, coming from an employe of the company; and it was not negligent in her to do so, when she was informed by the brakeman that she had plenty of time in which to get on.

According to the plaintiff's evidence, the person giving this order had the appearance of being a brakeman, which was sufficient to influence the conduct of the plaintiff; and it turned out upon the trial that this person, who, the plaintiff's witness said, gave the order, was actually a brakeman upon the train at the time.

During the trial the plaintiff offered her own depositions in evidence. Interrogatories fourth, fifth and sixth and the answers to them were ruled out by the court. The seventh interrogatory and answer were then objected to because the interrogatory was leading, and because it assumed that the witness had already stated certain facts, which facts had been contained in her answers that had been suppressed. The first objection is not insisted on in this court. Whether the other would be good or not it is unnecessary for us to decide, as the facts drawn out of the witness in answer to the seventh interrogatory were abundantly proved by other testimony, and as to these there was no conflict in the evidence. Three other witnesses testified to substantially the same facts, and one of them, Doctor Graves, who was her attending physician, gave evidence to greater injuries than those stated in the appellee's answer to the admitted interrogatory.

The witnesses for the appellee proved her case substantially as it was set forth in her petition. A different state of facts was made out by the defendant's witnesses. We can not perceive that the evidence preponderates in the least in favor of the de-

fendant.   Under such a state of case we can not possibly disturb the verdict, as it was correct if the jury believed, as they certainly did, the witnesses of the plaintiff.   Nor can we set it aside for excessive damages.   The jury has said that five thousand dollars is just compensation for a lady fifty-seven years of age, who has been deprived permanently of the free use of her left arm, has had her power of locomotion affected, who has had one of the bones of her shoulder broken, and her spine so injured as to cause her great pain; whose general health has been rendered bad, and whose system has been placed in such a condition as to be more liable to disease.   We have no warrant for saying that they have allowed her too much.

There is no error in the judgment, and it is affirmed.

*Affirmed.*