LOGELING v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. APPEAL—ORDER ALLOWING AMENDMENT—ESTOPPEL.
   Defendant, by accepting the terms on which an amendment of the complaint was allowed, waives his right to appeal from the order allowing such amendment.

2. SAME—ADMISSIBILITY OF EVIDENCE—HARMLESS ERROR.
   In an action for damages to real estate, where the damages allowed were clearly inadequate, the admission of testimony as to conversations between plaintiff and his former tenants as to their reasons for not releasing was harmless error.

8. LIMITATION OF ACTIONS—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION.
   In an action for damages to real estate, begun in 1880, an amended complaint was filed in 1895 stating substantially the same cause of action, based on the same wrongful act as that set out in the original complaint. The original complaint was susceptible of the same construction as the amended complaint, though the latter was more specific in its allegations. Held, that the amended complaint should not be considered as stating a new cause of action, barred by the statute of limitations, but was governed by Code Civ. Proc. § 415, providing that the period of limitation must be computed from the time of the accruing of the right of action to the time when the claim for relief is actually interposed.

4. SAME—RUNNING OF THE STATUTE—SERVICE OF SUMMONS.
   The service of summons is a claim for relief, within the meaning of Code Civ. Proc. § 415, providing that the period of limitation must be computed from the time of the accruing of the right of action to the time when the claim for relief is actually interposed.

Appeal from circuit court, New York county.

Action by Guillaume Logeling against the New York Elevated Railroad Company and the Manhattan Railway Company to recover damages for injuries to abutting property. From a judgment on the verdict for plaintiff, and from an order denying a motion for new trial, the defendants appeal; the notice of appeal specifying that defendants will bring up for review an order allowing plaintiff to interpose an amended complaint. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Edward B. Thomas, for appellants.
Walter M. Rosebault, for respondent.

BARRETT, J. This ·action differs from the actions usually brought by abutting owners against the elevated railroad, in that it is an ordinary action at law for damages alleged to have been sustained by the plaintiff by reason of the construction and operation of the defendant's railroad in front of his ·premises, No. 49 Bowery, in this city. The defendants' contention that the damages awarded by the jury were greater than the proofs warranted is wholly without merit. We entirely agree with the plaintiff that the damages were inadequate, and, if he had appealed, we would not have hesitated to grant him a new trial upon that ground. But the plaintiff has not appealed, and we cannot listen to his suggestion that a new trial be awarded to the appellant upon any other ground than the particular one which goes to the root of the recovery. The re-

spondent does not assent to a reversal generally. He desires a reversal coupled with an adjudication which necessitates an affirmance. This, of course, is impossible. We must therefore consider the point presented by the appellants as to which the respondent joins issue upon the assignment of error. The point is a very simple one, and its disposition is entirely free from difficulty. The action was began in 1880, and in his original complaint the plaintiff alleged that the defendants wrongfully, illegally, and negligently did certain acts in the construction of their road in front of the plaintiff's premises which greatly damaged him. A few months later the plaintiff amended his complaint in some particulars, but still alleged that he and his lodgers and tenants were deprived by the defendants' structure of the light, air, and peace which theretofore they had enjoyed. In the year 1895 the plaintiff moved for leave to again amend his complaint, and that motion was granted upon payment of $85 costs. These costs were paid, and the amended complaint served.

The defendants now claim—First, that the order allowing such amendment was unauthorized or improvident; and, second, that they have a right to plead the statute of limitations, as against the claim set up in the amended complaint. As to the first point, we think that, if the defendants desired to review the order, they should have appealed therefrom. By accepting the terms upon which the amendment was allowed, they waived their right of review. It is well settled that a party who accepts any benefit under a judgment or order waives his right to appeal therefrom. If, therefore, the defendants had appealed directly from the order in question, their appeal would have been dismissed.

As to the second point, we think it clear that all questions relating to the statute of limitations must be referred to the commencement of the action by the service of the summons. The defendants claim that a new action was commenced by the service of the amended complaint in 1895. We have examined the pleadings, and we are satisfied that, although the original and the first amended complaints were inartistically drawn, they are susceptible of the construction for which the plaintiff now contends. The trespass element, and the deprivations of the easements of light and air, can be gathered from the entire phraseology. These complaints do not so clearly and emphatically affirm the defendant's rights, and charge mere negligence in the exercise of these rights, as the defendants would have us conclude. The amendment which was allowed in 1895 was in the interests of justice. It cannot be said to have authorized a distinctly different and independent cause of action from that which the plaintiff somewhat crudely asserted in 1880. The substance of it was the same wrong. By the amendment that wrong was crystallized in clearer language, and put in more scientific form. But it was, in effect, the same cause of action, resulting from the same wrongful acts. The service of the amended complaint, however it might vary from the original, was not the commencement of a new action. It was still the complaint in the action instituted by the service of the summons in 1880. There is nothing in section 415

of the Code of Civil Procedure which warrants a departure from this rule. It is true that it is there provided that the period of limitation "must be computed from the time of the accruing of the right of action to the time when the claim to that relief is actually interposed * * * in the particular action." But the claim to such relief is always interposed when the summons is served. If the defendants' construction of this section be correct, the service of a summons within the prescribed period would never save the statute. It would always be essential to serve even the original complaint within the time limited. We agree that a distinctly new cause of action cannot properly be injected into an existing action by amendment under a judicial order, where such new cause of action has been barred. That would be to allow not an amendment, but a new action under the guise of an amendment, and thus to deprive a party of his plea of the statute. But even then the party's remedy is by direct appeal from the order. If the order stands, the amended complaint becomes the complaint in the action, and the only complaint. It follows the summons quite the same as though it had been served with it, or as though it were the only complaint served thereafter in response to the defendants' demand for a copy thereof. The ruling of the court at special term was correct with regard to these questions.

The only other question calling for notice is as to the admission of conversations between the plaintiff and his former tenants. These conversations, whether admissible or not, were clearly harmless. They related to so remote a period as to have but little, if any, value upon the questions at issue. The fact that these tenants refused to renew their leases in the spring of 1878, and so refused upon account of the elevated railroad, was really unimportant. The material fact was as to the rents subsequently received. It may be added that the plaintiff's testimony on the point in question was neutralized by his son's subsequent statement that these tenants told him that they were going to dissolve their partnership because the business did not pay them any more. The fact that the defendants were not prejudiced by the plaintiff's unimportant testimony as to the cause of the removal of these tenants is amply demonstrated by the inadequacy of the verdict.

The judgment should be affirmed, with costs. All concur.