thought that there is some general equity, although not amounting to an enforceable equity, therefor. Under the act as construed, the Court of Claims is a mere accountant.

PARKER, P. J., concurs in this dissent.

(97 App. Div. 271.)

## NORTHROP v. VILLAGE OF SIDNEY.

(Supreme Court, Appellate Division, Third Department. September 20, 1904.)

1. MOTION—HEARING—PAPERS AVAILABLE.

Under Sup. Ct. Gen. Rule 21 only those papers can be read on a motion that are served with the notice of motion.

2. SAME—POSTPONEMENT—DISCRETION OF COURT.

The court may, in its discretion, postpone the hearing on a motion, and allow papers other than those that were served with the notice of motion to be served and read when new facts have been discovered since the motion was made.

3. SAME—AFFIDAVIT—AVAILABILITY.

Where plaintiff knew, or ought to have known, what the purpose of his original complaint was when he served a notice of motion to amend, but gave no reason in the papers why he wished to amend, and in an affidavit subsequently served gave no excuse for omitting to do so, the affidavit could not properly be read on the motion.

4. COMPLAINT—MISTAKE—AMENDMENT.

Where a complaint for personal injuries charged that a village was negligent in failing to maintain barriers or other protection at the sides of a stone bridge from which plaintiff had fallen and received the injuries on account of which the action was brought, it cannot be said as matter of law that he is not entitled to amend, on terms, the complaint to show that it incorrectly alleged that it was a bridge, when it should have stated that it was an embankment over a culvert from which plaintiff fell, on it being made to appear that he had but one fall in the village, and desires to continue his action for the injuries resulting therefrom.

Parker, C. J., dissenting in part.

Appeal from Delaware County Court.

Action by Daniel L. Northrop against the village of Sidney. From an order granting a motion to serve an amended complaint, defendant appeals. Reversed.

The facts presented by this appeal are as follows: A small stream flowing from a spring near the highway crosses East Main street, in the village of Sidney, near the residence of Hobart Davis, through a stone structure 16 inches in width and 30 inches high, covered with stone, and over which the earth is piled and the highway raised to a height of some 6 feet. Such filling extends either side of the stream, and forms an embankment several rods in length, along and over which East Main street passes. It is narrow on top, and is not protected on either side by a rail or any other protection. The plaintiff, on the evening of December 17, 1902, while driving with a horse and cutter along this street, ran off the north side of this embankment, and fell into the stream below. The night was dark, and there was no street light nearby. The plaintiff claims that the injuries which he received by reason of such fall resulted from the negligence of the village of Sidney, and, as he now claims, brought an action to recover against it for the same. But in his complaint he averred that on such evening he drove off the north end of a stone bridge about six feet high, which covered a small stream of water that crossed East Main street near the residence of Hobart Davis; "that the road over such bridge is narrow, with no protection or barriers at the end

of said bridge, and had been negligently left without protection for many years by the said village"; that there was no light, etc.; and that his injuries resulted from such negligence of the said village. As a matter of law the village of Sidney was not liable to maintain and keep in safe condition the bridges within its limits. That duty devolves on the town of Sidney, in which the village is located, and therefore, on the face of such complaint, no cause of action was set forth therein. When the case came on for trial in the county court in December, 1903, the defendant's counsel moved, upon the plaintiff's opening, for a dismissal of such complaint, and the court held that on the facts therein stated no recovery could be had against the village, but, instead of dismissing the complaint, it allowed the plaintiff to withdraw a juror, and put the case over the term, in order that he might move to amend his complaint if he so desired. The plaintiff subsequently moved at a term of court to be held on January 4, 1904, for leave to amend his complaint so that it would set forth the situation and the manner of his injury substantially as first above stated. That motion was made upon a proposed amended complaint and the affidavit of the plaintiff's attorney, which gave no reason why the complaint had not originally been drawn so as to state the case as set forth in the proposed amended complaint. On January 4th the hearing of such motion was postponed to January 18th. On January 9th or 10th the plaintiff tendered to the defendant's attorney a further affidavit of plaintiff's counsel, and stated that he desired to read that upon the hearing of the motion, to which the defendant's counsel replied that he would object to its being read. Such affidavit stated substantially that he (plaintiff's counsel) had "inadvertently called the place where the accident occurred a bridge, when in fact it was a high bank with a culvert," and that the proposed amendments are made necessary by that fact. The affiant also states therein that such additional affidavit is made necessary by "an oversight," which left the facts therein stated out of his prior affidavit. The court allowed the plaintiff to use such latter affidavit on the motion, against the defendant's objection, and granted the motion to serve the amended complaint within 10 days upon payment of $10 costs of the motion. From such order the defendant takes this appeal.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles H. Seeley (C. L. Andrus, of counsel), for appellant.
William Thorpe, for respondent.

PER CURIAM. On the part of the plaintiff it is argued that the action is in fact brought to recover for injuries incurred by falling off the embankment erected and maintained by the village over the culvert near the residence of Hobart Davis, and that, therefore, there is no harm nor impropriety in allowing an amendment which merely permits the plaintiff to correctly name the structure, which, in his original complaint, he had misnamed. But the trouble is that from the complaint it cannot be determined that the action was brought for such purpose. The original complaint distinctly charges that the village was negligent in not maintaining barriers or other protection at the sides of a stone bridge six feet high from which he had fallen. Such a structure is substantially different from the embankment now described. Upon the facts, as set forth in that complaint, the village was not liable, while upon those on which the plaintiff now relies it might be. It is impossible to determine from the original complaint that the facts set forth in the amended complaint refer to the same occurrence therein described. It is no answer to say that there is no bridge in that locality other than the culvert in question, and that, therefore, the plaintiff must have referred to that, and the defendant could not have been mis-

led as to what he intended, for there is nowhere in the record before us any proof whether there is or is not a stone bridge six feet high in that immediate locality. For aught that appears, there may be another stream and a stone bridge just a few rods the other side of the Davis house. Indeed, there is no suggestion in the motion papers served for the 4th of January that the cause of action set forth in the original complaint was for driving off the embankment. In the affidavit served for that motion it is not claimed that such was the purpose of the action. It is only in the affidavit served after such motion had been postponed until January 18th that such an idea is suggested. The reading of that affidavit was objected to by the defendant on the ground that it was not served with the notice of motion, and that objection was well taken. The rule is well settled that only those papers can be read on a motion that are served with the notice of motion. General Rule 21. The court may, in its discretion, postpone the hearing, and allow others to be served and read, when new facts have been discovered since the motion was made (Rumsey's Practice, vol. 1, pp. 192, 193; Smith v. Seattle, etc., [Sup.] 19 N. Y. Supp. 742), and perhaps in other cases; but in this case it is plain that the plaintiff knew, or ought to have known, what the purpose of his original complaint was when he served his motion papers to amend. Yet he gives no reason whatever in such papers why he wishes to amend, and in the affidavit subsequently served he gives no excuse whatever why he omitted to do so. Such affidavit was not properly read on this motion, and with it excluded there is no reason whatever given why the amendment was desired or should be allowed. If, however, the plaintiff has had but one fall from a bridge, culvert, or embankment in said village, and desires to continue his action against the defendant to recover damages alleged to arise therefrom, we cannot say, as a matter of law, that, on the facts being fully stated to the court, and on such terms as are just, he should not be allowed to amend his complaint by making verbal changes in stating the facts relating to one and the same occurrence, and also in more fully stating the alleged negligence of the defendant.

We think the order should be reversed, without prejudice to a new motion for leave to serve an amended complaint. We have not considered the question of the sufficiency of the claim as filed as a basis for a recovery against the defendant on the facts as now claimed by the plaintiff.

Order reversed, with $10 costs and disbursements, without prejudice to a new motion for leave to serve an amended complaint.

PARKER, P. J. I concur in a reversal of this order, but I am of the opinion that leave to serve an amended complaint should not be given to the respondent. The amendment proposed is one which allows the substitution, in the place of facts which constitute no cause of action, of a new set of facts which constitute a good and sufficient cause of action, and to which the original complaint had no reference. In other words, it being determined that the original complaint has set forth no cause of action at all, an amendment is allowed which permits it to set forth a good cause of action, based upon other and different facts. Such an amendment would not be unusual, and might be proper

did it not appear that the new cause of action so to be set forth had, since the service of the summons in this action become barred by the statute of limitations. The cause of action to be set forth in the proposed amended complaint accrued on December 17, 1902, and is of such a kind that under the statute (Village Law [Laws 1897, p. 453, c. 414] § 322) it must be commenced within one year from that date. The summons in this action was served within that year, but the action set forth in the complaint accompanying it was not at all based upon the facts which the amended complaint will contain. No action upon such facts has ever been commenced. By thus substituting for the action originally brought, and in which this summons was issued, a new and distinct cause of action, which is already barred, the defendant is deprived of that defense. "That would be to allow, not an amendment, but a new action under the guise of an amendment, and thus to deprive a party of his plea of the statute." See Logeling v. N. Y. Elevated R. R. Co., 5 App. Div. 198, 201, 38 N. Y. Supp. 1112. See, also, Quimby v. Claflin, 27 Hun, 611.

For these reasons I am of the opinion that no permission to apply for leave to amend should be granted by us.