### DOBBS v. PEARL.

(Supreme Court, Special Term, New York County.   April, 1909.)

LIMITATION OF ACTIONS (§ 127*)—COMMENCEMENT OF ACTION—AMENDMENT 'OF PLEADINGS.

A new cause of action cannot be injected into an existing action by amendment where such new cause of action is barred by limitations, so as to preclude a plea of the statute. .

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. .§ 127.*]

Action by one Dobbs against one Pearl.   Motion for leave to amend complaint.   Denied.

J. H. Caldwell, for the motion.
Simpson, Werner & Cardoza, opposed.

HENDRICK, J.   In the early part of 1907, plaintiff commenced this action to recover $3,500, alleged to have been lost by the negligence of his brokers in failing to give plaintiff notice and do such other acts as were necessary to enable plaintiff to exchange 100 shares of stock of a salt company for stock in a reorganized company.   Defendants held the stock as pledgees under the usual practice which obtains between the customer and the broker.   Richardson v. Shaw, 203 U. S. 587, 27 Sup. Ct. 777, 51 L. Ed. 329.   On this application for leave to amend his complaint plaintiff states in an affidavit that, on an examination of defendants before trial, he has discovered that when they bought the 100 shares of salt stock in March, 1901, they had a certificate issued in their own name, and in April, 1901, they transferred it to another broker to enable him to make a short sale.   This is a new fact, as plaintiff supposed when he brought this action that his brokers never held the certificate of stock in their own name until January, 1902, when they obtained it and caused it to be transferred to plaintiff.   In the meantime, from March to January, the opportunity to exchange for stock in the new company had been presented and had gone by.   The old stock is now worthless.   Plaintiff now, in 1909, wishes to allege in an amended complaint that the loan by his brokers in 1901 of the stock certificate for 100 shares during April and May constituted a conversion, and he wishes to demand as damages $4,600.

If plaintiff had a cause of action for conversion, it accrued in 1901, and, so far as the papers show, an action for conversion is barred by statute.   The loan of the certificate of stock was probably within the brokers' rights.   Caswell v. Putnam, 120 N. Y. 157, 24 N. E. 287.   But, assuming it to have constituted a conversion, plaintiff can-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not now change his cause of action so as to allege "that by reason of the conversion of said stock as aforesaid the plaintiff has been damaged." Courts are not permitted, under color of ordering an amendment, to abrogate the statute of limitations. Logeling v. N. Y. El. R. R., 5 App. Div. 201, 38 N. Y. Supp. 1112.

Motion to amend must be denied.