## ST. LOUIS, S. F. & T. RY. CO. v. SEALE et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1913.)

APPEAL AND ERROR (§ 1178*) — REVERSAL — GRANTING NEW TRIAL.

In an action by the widow and heirs of an employé for damages for his death, the judgment of the Court of Civil Appeals affirming a judgment for plaintiff was reversed by the Supreme Court of the United States, on the ground that the trial court erred in overruling exceptions to the petition, calling attention to plaintiff's failure to allege the facts showing whether the state or federal statutes applied, and the cause was remanded to the Court of Civil Appeals for further proceedings not inconsistent with the Supreme Court's opinion, but without prejudice to the rights of the employé's personal representatives. *Held*, that judgment would not be rendered for defendant, but that the case would be remanded for a new trial, in order that plaintiffs, by amending their petition, might have an opportunity to present the case under the ruling of the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Action by Maude Seale and others against the St. Louis, San Francisco & Texas Rail-

way Company. A judgment for plaintiffs, affirmed by this court (148 S. W. 1099), was reversed by the Supreme Court of the United States (229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129), and defendant moves for judgment in accord with the judgment of the Supreme Court. Judgment of the district court reversed, and cause remanded for a new trial.

Andrews, Ball & Streetman, of Ft. Worth, and Head, Smith, Hare & Head, of Sherman, for the motion. Wolfe, Maxey, Wood & Haven, of Sherman, opposed.

RAINEY, C. J. This is a motion by appellant to render judgment in its favor in accord with the judgment of the United States Supreme Court (229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129) rendered in this cause. At a former term of this court we rendered a judgment (148 S. W. 1099) affirming the judgment of the district court, and a writ of error was denied by our Supreme Court. In due time the Supreme Court of the United States granted a writ of error to this court, and upon a hearing a judgment was rendered, reversing the judgment of this court, and remanding the case "for further proceedings not inconsistent with the opinion of this court, but without prejudice to such rights as a personal representative of the deceased may have."

Plaintiffs in this action are the surviving widow and parents of the deceased, and, in bringing the suit for the killing of the husband and son, the petition was framed under the state statutes, which gave them a cause of action. The railway company contended that deceased's injuries were received while engaged in interstate commerce, and that its liability was exclusively regulated and controlled by the Employers' Liability Act of Congress of April 22, 1908 (35 Stat. 65, c. 149 [U. S. Comp. St. Supp. 1911, p. 1322]), and, if liable, it was liable only to his personal representative. The United States Supreme Court held that: "The plaintiffs' petition was altogether silent upon that subject, and the defendant by appropriate special exceptions called attention to the two statutes, insisting that whether one or the other applied depended upon the facts not stated, and asked that the plaintiffs be required so to state the facts as to enable it to perceive which statute was relied on." The exceptions were overruled. This was held to be error by the United States Supreme Court, and the case reversed and remanded.

Had the lower court sustained defendant's exceptions, the plaintiffs could have amended their petition to conform to the ruling of the court, and thereby avoided the results that followed. The plaintiffs have never had an opportunity to present their case under the ruling of the United States Supreme Court. We think it but just that they be permitted to so present it, and decline to here enter judgment reversing and rendering, but reverse and remand the case for a new trial.