ST. LOUIS, S. F. & T. RY. CO. v. SMITH.
(No. 7219.)

(Court of Civil Appeals of Texas. Dallas. Nov. 21, 1914. Rehearing Denied Dec. 19, 1914.)

1. LIMITATION OF ACTIONS (§ 127*)—AMENDMENT OF PLEADING—NEW CAUSE OF ACTION.

Where a widow of a railroad employé killed while engaged in interstate commerce sued as widow, asserting that her cause arose under a state statute, it was not the beginning of a new action for her to file an amended petition as the personal representative of the deceased seeking recovery under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]), as the substitution of the personal representative relates back to the filing of the original petition; hence limitations did not apply to the filing of the amended petition.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. COSTS (§ 32*)—AWARD.

Where the widow of an employé of a railroad company killed while engaged in interstate commerce ultimately recovered judgment under the federal Employers' Liability Act as his personal representative, it was not improper, though the railroad company procured the reversal of a judgment in favor of the widow where she sued as such, to assess all costs against the company, including those up to the time the widow was substituted as personal representative.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by Maude Smith, administratrix, against the St. Louis, San Francisco & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant. Wolfe & Wood, of Sherman, for appellee.

RAINEY, C. J. This suit was originally instituted by Maude Seale, F. H. Seale, and J. E. Seale, widow and father and mother, respectively, of M. T. Seale, deceased, to recover damages for the death of the said M. T. Seale, who was killed by being run over by a switch engine in the yards of the St. Louis, San Francisco & Texas Railway Company at Sherman, Tex., on January 16, 1909. A verdict and judgment was obtained by said parties, from which an appeal was perfected by the railway company to the Court of Civil Appeals for the Fifth supreme judicial district, and the judgment of the lower

court was, by said Court of Civil Appeals, affirmed; the judgment of affirmance being reported in 148 S. W. 1099. A writ of error was denied by the Supreme Court of the state of Texas. The holding of the Court of Civil Appeals, in so far as the same affects the issue now before this court, was that the facts did not disclose a cause of action arising under the federal Employers' Liability Act; but, if they did, the contention of the railway company that the suit should have been brought by a personal representative of the deceased should have been taken advantage of by proper pleading in the trial court. A writ of error was granted by the Supreme Court of the United States. That court held that the facts disclosed a cause of action arising under the federal Employers' Liability Act, and that the suit could be prosecuted only by a personal representative of the deceased, and reversed and remanded the case without prejudice to such rights as a personal representative of the deceased may have. The opinion may be found in 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156. Upon the return of the mandate from the United States Supreme Court a motion was made in the Court of Civil Appeals for the Fifth district to enter judgment in its behalf on the ground that more than two years had elapsed since the accrual of the right of action, and that the making of the personal representative a party would be the beginning of a new suit, and was therefore barred by limitation. This motion was refused. The opinion on said motion may be found in 160 S. W. 317. Since the filing of the original suit, Maude Seale, widow of M. T. Seale, deceased, intermarried with one Frank Smith, and having theretofore been appointed administratrix of the estate of the deceased for the purpose of prosecuting this suit, on the 11th day of December, 1913, she filed a motion in the trial court asking permission to be substituted as the party plaintiff in lieu of the original parties plaintiff, which motion was duly granted by the court. After the granting of said motion, but on the same day, to wit, December 11, 1913, she filed her third amended original petition in which she prosecutes her suit as personal representative of the deceased. The cause was tried on January 19, 1914, and resulted in a verdict and judgment in favor of appellee for $7,500. Appellant presented its motion for new trial, which was by the court overruled. Exceptions were reserved to the action of the court in that regard, as to other matters on the trial of said cause, and the cause is appealed to this court for review.

The first assignment of error complains of the action of the court in overruling defendant's third special exception to plaintiff's third amended original petition on the ground that it asserts a new cause of action, and was filed more than two years after the accrual of the original cause of action.

[1] The proposition presented is that:

"Appellee's original petition and first and second amended original petitions asserted a cause of action under the Texas Death Statute. The third amended original petition asserts a cause of action under the provisions of the federal Employers' Liability Act, which is a new and distinct cause of action from that asserted in her original pleadings. The third amended original petition was filed more than two years after the cause of action arose, and, under the provisions of the federal Employers' Liability Act, the same is barred, and appellant's exception to said petition on that account should have been sustained."

The allegations in the last amendment and to which the exceptions were leveled are substantially, in fact almost literally, the same as those in the second amendment, except in the last the widow of the deceased, M. T. Seale, having married again, and having been appointed administratrix of his estate, by leave of the court, as such representative made herself a party plaintiff in lieu of the original plaintiff. The last amendment did not set up a new cause of action under the provisions of the federal Employers' Liability Act any more than did the second amendment. On the first appeal the case was affirmed, but on writ of error to the Supreme Court of the United States it was reversed, because plaintiff was not capable of recovering in her individual capacity, "but only through the deceased's personal representative." Railway Co. v. Maude Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156.

The substitution of the personal representative of a deceased party is not the beginning of a new cause of action, but it relates back to the filing of the original petition.

We think the case of Railway Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, is decisive of this proposition. The holding of our Supreme Court is to the same effect. Price v. Wiley, 19 Tex. 142, 70 Am. Dec. 323; Martel v. Somers, 26 Tex. 551, and others.

The amendment setting up no new cause of action, the statute of limitation did not apply (Railway Co. v. Davidson, 68 Tex. 370, 4 S. W. 636), and there was no error in the overruling of the exception.

What we have heretofore said settles the third assignment of error against appellant, and it is overruled.

[2] The second assignment of error complains of the court for not taxing the costs that had accrued in said suit up to the time of making new parties, etc., against plaintiff. The court did not err in this respect, and said assignment is overruled.

The judgment is affirmed.