### ARMSTRONG *et al.* v. MAY *et al.*

No. 6455.   Opinion Filed January 25, 1916.

Rehearing Denied February 15, 1916.

(155 Pac. 238.)

1. **PROCESS—Service of Summons—Motion to Quash.** A motion to quash the service of a summons for the reason that the defendant was given 22 days from the return day to answer was properly overruled.

2. **LIMITATION OF ACTIONS—Amended Petition—Running of Statute.** An amended petition. which contains no new cause of action. but merely an enlarged claim for damages arising from the same act mentioned in the original petition, is not subject to demurrer because the same shows on its face that claim is barred by statute of limitations; but the amended petition will be held to relate back to the filing of the action and defeat the operation of the statute.

3. **DAMAGES—Injury to Realty—Measure of Damages.** The true measure of damages for injury to real estate is the difference in the market value of the same before and after the injury complained of; but this rule is subject to the exception that if that destroyed. although a part of the realty, has a value which can be ascertained without reference to the soil out of which it grows or on which it stands. a recovery may be had for the value of the articles destroyed.

(Syllabus by Hooker, C.)

*Error from County Court, Murray County;*
*H. W. Fielding, Judge.*

Action by R. E. May against G. W. Armstrong, Ben Hopson, and another. Judgment for plaintiff, and defendants named bring error. Affirmed on condition.

*E. S. Kerr,* for plaintiffs in error.

*Walter E. Latimer,* for defendants in error.

Opinion by HOOKER, C. There are four assignments of error urged, which we will consider as they are presented.

1. The plaintiffs in error contend that the lower court should have sustained their motion to quash the summons, for the reason that the answer day as fixed by the summons was 22 days after the return day of summons. It is apparent, from an examination of the record, that the defendants below complaining of said summons had their full 20 days in which to answer, and therefore they were not deprived of any substantial right, and the proposition urged is not tenable.

2. Because the court erred in overruling the demurrer of the plaintiffs in error to the amended petition filed in this action. From an examination of the record it appears that on the 19th day of August, 1911, R. E. Mays filed his petition wherein he sought to recover damages against G. W. Armstrong, Ben Hopson, and another for trespassing upon real estate, and for injury to personal property thereon. The petition alleges that on or about the 15th day of December, 1910, the plaintiff was the owner of certain real estate, and there was situated thereon at that time a good stalk field and cattle pasture, which were worth the sum of 50 cents per acre, and that plaintiff owned and had piled on said farm 250 bushels of good corn, which was worth the sum of 50 cents a bushel, and 12 tons of millet, which was worth

the sum of $10 per ton, and that said defendants, without his authority or consent, unlawfully and willfully took possession of all of said property, and that said defendants, acting through the defendant Hopson, three times forcibly tore down his fence surrounding his premises, and drove cattle thereon, and by means of firearms prevented the agent of the plaintiff from protecting his property, and that plaintiff was damaged by reason of the acts in the sum prayed for therein. Thereafter, on the 10th day of July, 1913, the plaintiff below filed an amended petition in this action, wherein he sets forth the damages to the corn more specifically, and it is the contention of the plaintiffs in error that the damages to the corn are not embraced in the first petition, and that the second petition, filed more than two years after the date of the injury, shows upon its face that the cause of action was barred by the statute of limitations, and a demurrer thereto, so far as the allegations as to the corn, should have been sustained.

A careful examination of the pleadings in this case shows that the original petition embraced an imperfect statement of cause of action for damages as to the corn, and the lower court did not commit error when it permitted the amended petition to be filed, for the reason that the question as to whether the plaintiff intended, when he brought his action, to include the substance of the amended petition as a part of his demand, is within the discretion of the trial court, as was stated in *Cogswell v. Hall,* 185 Mass. 455, 70 N. E. 461. The amended petition was not subject to the objections urged by the plaintiffs in error, for it was not a statement of any new cause of action, but a restatement or a more correct and specific allegation of the same cause of action

set forth in the original petition in this case. Our statute and the decisions of this court have always been extremely liberal in permitting amendments to pleadings, so long as they are in furtherance of justice. In 25 Cyc. 1305, we find the following language:

"Where plaintiff, by amendment, sets up new matter or claim, but merely restates in a different form more correctly and specifically the same cause of action set out in the original declaration, it is not a new suit, and the statute will not avail for a period between the original and amended pleading. Where the original declaration states a cause of action, but does it imperfectly, and afterwards an amended declaration is filed correcting the defect, the plea of the statute of limitations will relate to the time of filing the original declaration."

In the note on page 1307 we find where the courts have said:

"Where a cause of action for personal injuries has been pleaded, the enlargement of the allegations is not affected by the statute of limitations." *Illinois Steel Co. v. Sautenbach,* 64 Ill. App. 642; *The Oriental v. Barclay,* 16 Tex. Civ. App. 193, 41 S. W. 117.

Likewise this court, in the case of *E. Van Winkle Gin & Machine Works v. Brooks,* 53 Okla. 411, 156 Pac. 1152, decided January 11, 1916, by Chief Justice Kane, say:

"1. Amendments of pleadings may be allowed in furtherance of justice, when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction.

"2. In an action for personal injuries, after the cause had been reversed and remanded for a new trial, and after the expiration of five years from the date of the injury, the plaintiff amended his petition by adding to the acts of negligence formerly set up in his petition,

and charged that the defendant was negligent, in that it did. not exercise reasonable care to provide plaintiff with safe fellow servants and coemployees. *Held,* that said amendment did not affect the general identity of plaintiff's cause of action, and was therefore permissible by virtue of section 4790, Rev. Laws 1910, notwithstanding more than five years had elapsed after the plaintiff's cause of action had accrued."

The subject-matter of the case at bar was trespass and injury to the property involved, and the filing of the amended petition, which merely enlarged the claim of damages, does not of itself constitute a new cause of action, but was, as said, an enlargement of the former cause of action, a more correct detailed statement thereof, and the statute of limitations relied upon by the plaintiffs in error was not a bar thereto. It is apparent that the rule announced in *Phoenix Ins. Co. v. Ceaphus,* 51 Okla. 89, 151 Pac. 569, is a fair test by which we are to determine whether or not the allegations of the second petition constitute a new cause of action; that is, to inquire if the recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the evidence would support both, or if the same measure of damages is applicable. It cannot be seriously doubted that if the plaintiff below had failed to state in his petition any damage to the corn in question, and had suffered his cause of action to be tried with this element of damage eliminated, the judgment rendered in that action would have constituted a bar to any subsequent recovery for the corn. The following cases uphold this contention:

"New counts may be added to a declaration for personal injuries after the expiration of 12 months from the time of their occurrence, where they do not present

any new cause of action." *(L. & N. Railroad Co. v. Hall,* 91 Ala. 112, 8 South. 371, 24 Am. St. Rep. 863.)

"Where the original declaration states a cause of action, but does it imperfectly, and afterwards an amended declaration is filed, the plea of the statute of limitation will relate to the time of filing the original declaration." *(Lewis v. Washington & G. R. Co.,* 17 D. C. [6 Mackey] 556.)

"When the statute of limitation is pleaded to an action for a wrong which was actionable without proof of special damage, the subsequent consequences being alleged as matters in aggravation, plaintiff may recover by newly assigning the consequential damages as a cause of action and showing that they were sustained within the time of limitation." *(McConnel v. Kibbe,* 33 Ill. 175, 85 Am. Dec. 265.)

"Where the original complaint was for personal injuries, by being wrongfully expelled from a train, and an amended petition was based on the theory that plaintiff may have been wrongfully on the train, but was ejected with unnecessary force, the statute of limitation is not a good plea to the latter. Both complaints involve the same transaction; the gravamen being the personal injury suffered by the ejection." *(Chicago Railroad Co. v. Bills,* 118 Ind. 221, 20 N. E. 775.)

"In an action for damages to real estate begun in 1880. an amended complaint was filed in 1885, stating substantially the same cause of action, based on the same wrongful act, the latter being more specific in its allegations, *held,* that the amended complaint should not be considered as stating a new cause of action and barred by the statute." *(Logeling v. N. Y. El. R. Co.,* 5 App. Div. 198, 38 N. Y. Supp. 1112.)

"Where plaintiff's amendment set forth the same cause of action more correctly or specifically than in his original petition, it is not a new suit, and the statute will not avail for the period between the original and amended

pleadings." *(Hines v. Dean,* 1 White & W. Civ. Cas. Ct. App. [Tex.] sec. 690.)

"Where a petition states a cause of action which is not barred by limitation when the action is commenced, such action is not barred by the filing of an amendment which simply amplifies or makes more specific the facts stated in the original petition."

"An amended petition, which did not set up a new cause of action, but merely averred more specifically the written contract sued on and claimed larger damages, was not affected by the statute." *(Millington v. T. P. Ry. Co.,* 2 Wilson, Civ. Cas. Ct. App. [Tex.] sec. 171.)

"In an action against a railroad company to recover for personal injury, caused by the alleged negligence of the defendant, plaintiff averred her injury to be the fracture of a bone in the left arm, and afterwards in an amended petition filed more than a year after the injury, set forth additional injuries to her head and spine. *Held,* that the additional injuries stated in the amended petition were not to be considered as a new cause of action for the purpose of computing the running of the statute." *(Texas Ry. Co. v. Davidson,* 68 Tex. 370, 4 S. W. 636.)

For these reasons the judgment of the lower court was correct.

3. The plaintiffs in error complain of certain instructions which were given by the court, and of the refusal of the court to give certain instructions which were offered by them; but inasmuch as our ruling upon the second assignment of error disposes substantially of the criticism offered by him to said instructions, we will consider only one instruction, which, in our opinion, was an incorrect statement of the law of this case—that is, the instruction with reference to the recovery of damages for the injury to the real estate involved herein by tramping the ground, etc.

18—55

The true measure of damages for injuries to real estate is the difference in the market value of the real estate just before and just after the injuries complained of; but this rule, however, is subject to the exception that if that destroyed, although it is a part of the realty, has a value without reference to the soil on which it stands, or out of which it grows, a recovery may be of the value of the thing destroyed, and not for the difference in the value of the land before and after such destruction. The exception to the rule, however, would not apply to the element of damages sought to be recovered for the injury to the real estate as above stated, and the lower court failed to properly instruct the jury upon this element of damage. However, this need not operate as a reversal of this case, as under the petition only $50 was claimed by the plaintiff below for damages as to real estate.

4. Plaintiffs in error contend that under the law and the evidence the plaintiff in error Armstrong is not liable for exemplary damages. The law is well settled in this jurisdiction that where the acts complained of are willful, malicious, and unlawful, and are performed with a reckless disregard of the owner's rights, exemplary damages may be recovered. The trial court correctly instructed the jury as to when punitive damages may be awarded, and the circumstances and conditions under which the principal would be liable for exemplary damages for the acts of his agent. We find no error in this instruction, and the jury saw and heard the witnesses, and were in a better position to judge their sincerity, perhaps, than we are, and, their verdict having been approved by the trial court, we do not feel at liberty to disturb the same.

For the reasons aforesaid, we recommend the judgment be affirmed, upon the condition that the defendant

in error R. E. May remit $50 within 15 days, by filing a *remittitur* of this sum in the clerk's office of this court, and in the event he fails to do so this judgment be reversed, and a new trial granted plaintiffs in error.

By the Court: It is so ordered.