Western Union Telegraph Company v. Mina Luck.

No. 572.—Decided June 26, 1897.

**1.  Telegraph—Damages—Notice.**

A message from M. L. to B. W., "L. is very sick. Come home at once," was not sufficient to inform the company that B. W. was the daughter of M. L., nor to enable the latter to recover for mental anguish from delay in its delivery and consequent failure to obtain her daughter's consolation at the death and funeral of her husband. (Pp. 179 to 181.)

**2.  Same—Case Overruled.**

Telegraph Co. v. Nations, 82 Texas, 539, overruled. (P. 180.)

**3.  Removal of Causes—Remand by Federal Court.**

The action of the Federal Court in remanding a case removed thereto is conclusive; and the action of the State court in then taking jurisdiction is not subject to review. (P. 181.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Maverick County.

*John A. Green, Sr.,* for appellant.—The whole record shows that the removal applied to both the plaintiffs, Mina Luck and Bertha Wincker. Broom's Leg. Max., 611; 2 Phillips, Ev., 571; Sutherland, Stat. Const., secs. 35, 260; 1 White & W. C. C., sec. 864; 8 Bissell, 44; Sayles' Civ. Stats., secs. 3138, 3139.

The suit was, in form, a common law action for damages, and as such was subject to removal to the United States courts. Gaines v. Fuentes, 92 U. S., 10; Ellis v. Davis, 109 U. S., 485; Barry v. Edmunds, 116 U. S., 550; U. S. v. Ottman, 1 Hughes, 313; Crawford v. Burnham, 1 Flippin, 116; Murphy v. Howard, Hempstead, 205; Roberts v. Nelson, 8 Blatchf., 74; In re Cilley, 58 Fed. Rep., 987; Brisenden v. Chamberlain, 53 Fed. Rep., 307; Foster's Fed. Prac., sec. 391.

The United States Court having acquired full jurisdiction of the suit, the judge of that court cannot by remanding the cause deprive the defendant of the jurisdiction, and of the rules and decisions of that court, simply because the grounds of the action as stated in the petition of the plaintiffs was subject to general demurrer in the United States courts, whilst at the same time such action might be maintained in the State court from which the cause was removed. Green v. Custard, 23 How., 484; Gordon v. Longest, 16 Pet., 97; Kanouse v. Martin, 14 How., 23; s. c. 15 How., 208; Clark v. Mathewson, 12 Pet., 165.

The augmentation of mental suffering is too speculative and conjectural to form a basis for the allowance of damages. Rowell v. Tel. Co., 75 Texas, 26.

The court erred in overruling the second ground of demurrer to the petition of plaintiff (Mina Luck), because her action could not be maintained for damages for mental anguish on account of the absence of her daughter, and erred in its general charge allowing such damages as actual damages.

*W. L. Evans* and *J. M. Goggin,* for appellee.—The petition for removal, when there is more than one plaintiff, must show affirmatively that each of the plaintiffs is a citizen of a different State from the defendant. Adams v. May, 27 Fed. Rep., 907; Foster's Fed. Prac., sec. 385.

The Circuit Court of the United States had the right to determine its own jurisdiction, and this cause having been remanded by it to the District Court of Maverick County, the District Court had its jurisdiction restored and the District Court did not err in overruling appellant's plea to the jurisdiction.

The augmentation of mental anguish arising from a distinct and independent cause is a good ground for the recovery of actual damages. Tel. Co. v. Nations, 82 Texas, 539.

· BROWN, ASSOCIATE JUSTICE.—We copy the facts as found by the Court of Civil Appeals:

The following telegram was, on August 3, 1891, delivered by transmission from San Antonio to Eagle Pass, at 8 o'clock, p. m., and received at Eagle Pass at about 9:25 p. m.

> "To Bertha Wincker, care A. J. Ladner, Eagle Pass.
> "Luck is very sick; come home at once.
> "Mina Luck."

Mina Luck was the wife of the sick man, and Bertha was her daughter. The latter, if the message had been delivered before 2:25 a. m., could have taken the train that left at that hour for San Antonio and arrived there the same morning, in time to have been with the mother during that day. Luck died during the night on which the message was sent and before Bertha could have arrived, and was buried in the afternoon of the 4th. By not getting the telegram in time to have taken the said 2:25 train, she was delayed twenty-four hours, not reaching San Antonio until the morning of the 5th.

The action was brought by Mina Luck and Bertha Wincker for damages for mental anguish, for failure to promptly deliver the message, each claiming damages in the sum of $5000. The latter was dismissed from the case, and the amended petition changed the prayer for damages for mental distress suffered by Mina Luck to $2000. It is not questioned that the petition stated a case, except as referred to in the 2d assignment of error. The verdict was in favor of plaintiff for $500.

After a careful review of the authorities, this court, in the case of Western Union Telegraph Company v. Carter, 85 Texas, 580, stated its conclusions thus:

"In the case now before the court, the message was addressed to W. S. Carter, and notified the company that Gorsuch was dead; that Carter was in all probability a near relative with 'a serious interest' in the intelligence communicated, and in all probability upon the receipt of the message would set out at once to attend the funeral and to care for

the remains. The probable purpose of adding the word "answer" was to learn whether or not the message was delivered, and whether or not the party addressed would be able to arrive in time to attend the burial or to direct it.

"From the rules laid down in the foregoing decisions of this court, this plain and just rule may be deduced: The telegraph company is chargeable with notice of the relationship that exists, if any, between all parties named in the message, and with notice of such purposes as may be reasonably inferred from the language used, in connection with the subject matter of the communication, taking into consideration the usual manner of expressing messages sent by this means."

Applying the rules stated above, the message before us charged the Telegraph Company with notice that Bertha Wincker was a near relative of the sick man, Luck, and that in all probability, upon receiving the message, she would set out to visit him. The purpose of sending the telegram, as it appeared from the message, was to afford Bertha Wincker an opportunity to see Luck, the person mentioned in the message, before his death, to be with him in his illness, and to be present at his funeral in case of his death. These apparent facts may not in reality have existed, but, so far as the Telegraph Company was concerned, they were to be treated and taken as true. If Bertha Wincker had been a daughter or other near relative of Luck, and the telegram had not been delivered to her within a reasonable time, she would have been entitled to recover damages, not because she failed to reach the place designated in time to be with her mother, Mina Luck, and console her in her distress, but because of the mental anguish of Bertha Wincker as a relative of the man, Luck.

It is sought in this action to place upon the message the construction that it notified the Telegraph Company of the relationship between Mina Luck and Bertha Wincker, and also that the message notified the Telegraph Company that the purpose of sending it was to summon the daughter to attend the mother in her distress and for her consolation. The construction first stated, that the company must have taken notice that Bertha Wincker was a near relative of Luck, is well established by the decisions of the courts of this State, and we think that it is not consistent to hold that the message had the effect to give notice to the Telegraph Company of the claim of Bertha Wincker as a relative of Luck, and of the claim of Mina Luck as the mother of Bertha Wincker. The person addressed is held as matter of law to be interested; the sender oftentimes is not in fact interested.

In the case of Western Union Telegraph Company v. Nations, 82 Texas, 539, it was held that a telegram by a mother to her son stating that the step-father of the person addressed was dead, was sufficient to put the Telegraph Company on notice that the message was intended as a summons to the son to attend the mother in her distress; but we believe that that case is not sustained upon principle nor upon any authority, and it is therefore overruled.

The telegram under consideration was sufficient to call the attention of the Telegraph Company to the consequences which might be expected to follow a failure to deliver the message from Mina Luck to Bertha Wincker, which the law holds to be that the party addressed, having a serious interest in the condition of the person named as sick, and being a near relative, upon a failure to attend him in his sickness or to arrive before his death and burial, would suffer mental anguish in consequence of the negligence of the Telegraph Company. But, can it be said, under any rule of law, as a natural consequence of the failure to deliver the message, and the failure of Bertha Wincker to arrive before the burial of Luck, Mina Luck would suffer mental anguish for want of the consoling presence of her daughter, Bertha Wincker? Could the Telegraph Company have anticipated such a result from a failure to deliver the message? We think that it could not; and that having no notice of the peculiar circumstances, if any existed, which would bring about suffering on the part of Mina Luck, she cannot recover in this case against the company on account of the failure to deliver the message. Western Union Tel. Co. v. Coffin, 88 Texas, 94.

The mental anguish endured by Mina Luck on account of the absence of her daughter does not fall within the rule laid down by this court in any former cases, except the one of Telegraph Company v. Nations. This is more analogous to the case of Rowell v. Western Union Tel. Co., 75 Texas, 26, in which this court held that the mental anguish occasioned by the delay in delivering a telegram conveying information that the mother of the party addressed was convalescent, furnished no ground for recovery against the Telegraph Company.

The Circuit Court of the United States having remanded this cause to the State court, its judgment is final and not subject to revision by this court. Missouri Pacific Railway Company v. Fitzgerald, 160 U. S., 556. In the case cited, the railroad company removed the cause to the United States Circuit Court, which remanded it. The State court retained jurisdiction, and upon writ of error to the Supreme Court of the United States, that court said: "The Supreme Court of Nebraska rightly recognized the courts of the United States to be exclusive judges of their own jurisdiction, and declined to review the order of the Circuit Court. There was no error in the District Court's exercising jurisdiction over the case. For the error of the District Court in overruling the demurrer to plaintiff's petition, the judgments of the District Court and Court of Civil Appeals are reversed, and the cause remanded.

*Reversed and remanded.*