SABINE VALLEY TELEPHONE COMPANY ET AL. v. I. C. OLIVER.

Decided May 15, 1907.

**1.—Telephone Message—Delay in Delivering.**

In a suit against a telephone company for delay in delivering a message, where it appeared from the undisputed evidence that even if the message had been promptly delivered the plaintiff, to whom it was sent, could not have reached his sick child before its death, because of a delayed railway train, the evidence was insufficient to sustain a verdict against the company. .

**2.—Same—Liability—Notice of Urgency.**

A telephone company is not liable for delay in delivering a message unless notified of the fact that it is urgent, either by actual or constructive notice.

**3.—Same—Same.**

Where one telephone company is the agent of another company for the purpose of receiving messages to be transmitted over the line of the principal company, or where there is a partnership between the two companies, the negligence of the receiving company is attributed to the other.

**4.—Negligence—Probable Consequence.**

A telephone company is not liable for consequences, from delay ·in delivering a message, of which it has no notice either in the call itself or otherwise.

Appeal from the District Court of Shelby County.    Tried below before Hon. Tom C. Davis, special judge.

*Branch, Masterson & Beeson,* for appellants.

*Bryarly, Walker & Chamness,* for appellee.

REESE, ASSOCIATE JUSTICE.—I. C. Oliver brought this suit in the District Court to recover damages in the sum of $2,000 of the Sabine Valley Telephone Company and ·the Texas Central Telephone Company for negligent failure to deliver to plaintiff a telephone call from one E. J. Tindall, his brother-in-law, by means of which the said Tindall desired to notify plaintiff, at the instance of his wife, of the dangerous illness of their child. It was alleged that by reason of such failure plaintiff was not advised of the illness of his child in time to reach her before her death. Plaintiff claimed damages in the sum of $1,000 on ·account of his own mental .suffering and $1,000 damages to his wife on account of her mental suffering by reason of being deprived of the consolation of his presence at the bedside of his dying child. By an amended petition the Commercial Telephone Company was also made· a party defendant, and plaintiff sought under proper allegations to make the three companies liable on the ground that each was the agent of the others, and that they were thus jointly liable, alleging a partnership in their business of operating the three lines.

Defendants, the Sabine Valley Company and the Texas Central Company, denied the partnership by sworn plea, and pleaded general denial and other special defenses including contributory negligence

on the part of the sender of the message in not availing himself of other means of communication.

Upon trial with a jury there was a verdict awarding plaintiff $750 damages and apportioning the same among the three defendants, $250 against each. Upon this verdict judgment was rendered against the three defendants jointly and severally for $750. From the judgment the Sabine Valley Telephone Company and the Texas Central Telephone Company appeal.

Appellee's cause of action arose out of the following facts: Appellee lived at Center, Texas, where he was on the 18th and 19th of June, 1904. His wife and child were visiting at her mother's about six miles from Nacogdoches, in the country. On the 18th of June, 1904, late in the afternoon, E. J. Tindall, Mrs. Oliver's brother, went to the office of the Commercial Telephone Company at Nacogdoches and put in a call for appellee at Center, telling the agent that appellee's child was ill and that he was wanted at once. After waiting about half an hour Tindall was informed by the agent that appellee was not in town. He then left for home. The next day, Sunday, the 19th, the child continuing to grow worse, Tindall went to Mahl, a small village nearer his home where the Texas Central Telephone Company had an office and about 10 or 11 o'clock a. m., tried to get into communication through that means with Oliver, but failed. The child died at 6:30 p. m., Sunday, the 19th. If appellee had been promptly communicated with on Saturday, when Tindall put in his call at Nacogdoches, he could and would have reached his child before her death. He was at the time in Center and easily accessible to the telephone operator, who knew where to find him.

The Commercial Telephone Company's line runs from Nacogdoches to Timpson. The Timpson Telephone Company has a line from Timpson to Center, running into the office of the Sabine Valley Company. The Commercial line connects with the Timpson line in communicating from Nacogdoches to Center. The Central Texas line runs from Mahl to Nacogdoches and thence up the T. & N. O. Railroad, but does not go to Center. The Sabine Valley Company has a line of its own from Nacogdoches to Center.

The practically undisputed evidence shows that on account of the train from Tenaha to Nacogdoches on Sunday, the 19th of June, being two and one-half hours late, appellee could not have reached his child before its death if the telephone call put in for him at Mahl on that day had been delivered with reasonable promptness. As the Central Texas Telephone Company is not shown to have had any connection with the call of the 18th, or to have been in any way responsible for the negligence, if any, in delivering it, for that reason the judgment as to that company will be reversed.

The liability of the Sabine Valley Telephone Company depends upon the nature of its connection with the Commercial Company, unless the call for appellee on the 18th was actually received by that company, accompanied with the notice of the purpose for which appellee was wanted, showing the urgency of the call and the dangerous illness of his child.

The agents of the Sabine Company at Center deny the receipt of this call on the 18th. If the call was not in fact received, or if it was received, but was only a call for appellee notifying him that he was wanted at the telephone, without any information to put the said company upon notice that the call was urgent on account of the illness of appellee's child, the Sabine Company would not be liable unless there was such a business connection in the sending of telephone messages between Nacogdoches and Center, between the Commercial Company and the Sabine Valley Company as would make the Sabine Valley Company responsible for the negligence of the Commercial Company. If the Commercial Company was the agent, at Nacogdoches, of the Sabine Valley Company for the purpose of receiving telephone messages to be transmitted over its own line and other connections into the office of the Sabine Valley Company at Center, or if there was a partnership between the two companies in this business, then the Sabine Valley Company would be responsible for the negligence, if any, of the Commercial Company, its agents and servants, whether, in fact, the call was ever received in the office of the Sabine Valley Company or not. These issues were not submitted to the jury as should have been done.

Objections to the charge and to the refusal of requested charges are presented by appropriate assignments of error which must be sustained.

It was error to allow Mrs. Oliver to testify, over the objection of appellants, as to the effect on herself of the failure of appellee to be with her before and at the death of her child. There was nothing in the call for appellee to put appellants upon notice of this element of damage as arising or likely to arise from the failure to get appellee to the telephone when called for. (Western U. Tel. Co. v. Luck, 91 Texas, 181; Western U. Tel. Co. v. Waller, 74 S. W. Rep., 751.)

It was also error to allow the witness Hurst to testify, over objections, as to other acts of alleged negligence of appellant. This testimony was immaterial and irrelevant and prejudicial to appellants.

The judgment as to the Central Texas Telephone Company and the Sabine Valley Telephone Company is reversed and the cause remanded for further proceedings in accordance with this opinion. The Commercial Telephone Company not having appealed the judgment against that company is not disturbed.

*Reversed and remanded.*