### WESTERN UNION TELEGRAPH CO. v. MOONEY.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 22, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 68*)— FAILURE TO DELIVER MESSAGE—RECOVERY FOR MENTAL ANGUISH.

Plaintiff may maintain an action for damages for mental anguish caused by a telegraph company's negligent failure to deliver a telegram to plaintiff's sister, which prevented plaintiff from having the comfort and assistance of her sister immediately following the death of plaintiff's husband.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

2. TELEGRAPHS AND TELEPHONES (§ 66*) — MESSAGES—FAILURE TO DELIVER—ACTIONS FOR DAMAGES—ADMISSION OF EVIDENCE.

In an action for damages for mental anguish caused by the negligent failure to deliver a telegram to plaintiff's sister, which prevented the sister from being present with plaintiff immediately after her husband's death, evidence by plaintiff of her mental condition when the message was sent was admissible on the question of the necessity of her sister's presence.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by Mrs. James Mooney against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Spoonts, Thompson & Barwise, of Ft. Worth, for appellant. Smith & Lattimore, of Ft. Worth, for appellee.

### Conclusions.

SPEER, J. [1] The principal question presented by this appeal is whether or not appellee's petition states a cause of action. It is in substance an action to recover damages for mental anguish occasioned by the appellant's negligent failure to deliver a telegram to appellee's sister, where appellee was denied the comfort, solace, and assistance of her sister in her hours of grief immediately following the death of her husband. The authorities cited by appellant, from which, it is argued, no liability exists, are, we think, distinguishable from this case in an important particular, and that is, that in those cases where a recovery was denied it was not shown affirmatively that the company had notice of the precise consequences for which it was sought to be held. W. U. Tel. Co. v. Luck, 91 Tex. 178, 41 S. W. 469, 66 Am. St. Rep. 869. In the present case both the pleadings and the facts are replete with allegations of such notice, and we see no reason to hold, as many author-

ities undoubtedly do, that damages may be recovered for loss of the presence of a near relative at the funeral, and to deny that a wrongful deprivation of such presence after the funeral would give rise to a cause of action. In truth, we think it is matter of common knowledge that one's grief and sorrow would be as poignant after the interment of a near relative as before, and there can be no reason for holding, as we are asked to hold in this case, that a petition setting up the latter state of facts presents no cause of action whatever.

[2] The testimony of appellee describing her condition and state of mind at the time the message was sent was admissible because relevant to the issue of the necessity for the presence, comfort, and aid of her sister, the addressee in the message.

Nor do we think the verdict and judgment excessive. If the allegations of appellee's petition are true, and the verdict affirms that they are, then a recovery of $225 for the loss of the comfort and assistance which she would have received from the presence of her sister in the hour of her sadness following the death and burial of her husband clearly is not excessive.

Judgment affirmed.