ETHEL L. POPE v. KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY OF TEXAS.

No. 2538. Decided December 18, 1918.

1.—Master and Servant—Death—Interstate Commerce—Parties—Federal and State Statutes.

A locomotive engineer, killed while switching cars of freight transported into Texas from another State, was engaged in interstate commerce. Recovery for his death must be had under the Federal statute applying to such case and at suit of his legal representative, not under the Texas statute and on suit by his surviving widow and children. (P. 316.)

2.—Case Followed.

St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S., 161, is followed as binding on State courts, being the application and construction of a Federal statute by the Supreme Court of the United States. (P. 316.)

3.—Assumed Risk—Question of Fact.

There being evidence to support the conclusion that the death of a locomotive engineer was proximately caused by the negligence of the conductor in giving signals, the question of assumed risk by deceased, must be treated as one of fact. (P. 316.)

4.—Amendment—Limitation—New Cause—Action Under State or Federal Law.

The widow and children of a deceased employe sued for his death, with no allegation showing whether or not his injuries were received in interstate commerce. Recovery by them was reversed on the ground that, being so engaged, the action must be by the legal representatives, in accordance with the Federal statute. Held that an amendment making the legal representative of deceased plaintiff and alleging that he met his death in interstate commerce, would not introduce a new cause of action. The Supreme Court would not

refuse to remand on the ground that such action would thus be barred by limitation. (Pp. 316-322.)

**5.—Cases Followed.**

St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S., 156; St. Louis, S. F. & T. Ry. Co. v. Smith, 171 S. W., 513; same case, 108 Texas, 634; same case, 243 U. S., 630, followed. (Pp. 317, 318.)

**6.—Amendment—New Cause.**

An amendment which merely substitutes as plaintiff the personal representative of deceased instead of his dependents, or one which adds to the previous allegations of fact, not otherwise altered, the statement that deceased was injured while engaged in interstate commerce, does not introduce a new cause of action. Union Pacific Ry. Co. v. Wyler, 158 U.'S., 285, distinguished. (Pp. 316-322.)

**7.—Pleading—Defects Cured by Answer.**

An omission of a necessary allegation in plaintiff's petition is cured by the allegation of that fact in defendant's answer as where in an action for death of a railway employe the petition failed to show whether or not it occurred in interstate commerce, but that fact was supplied by defendant's pleading. (P. 322.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Nolan County.

Ethel L. Pope, in her own behalf as widow of Thomas A. Pope, and as next friend of their three minor children, sued to recover for his death by alleged negligence while in the service of the Kansas City, Mexico & Orient Railway Company. She recovered judgment, which was reversed with instructions, and thereupon she obtained writ of error on the ground that the ruling involved the construction and application of a Federal statute; that it substantially settled the case; that it erred in substantive law; and that it conflicted with a decision of the Fifth District.

*Hardwicke & Hardwicke, Woodruff & Woodruff,* and *Theodore Mack,* for plaintiff in error.—The undisputed facts showing that Ethel Pope and her three minor children, represented by her as next friend, were the only persons that could possibly maintain an action for damages growing out of the negligent killing of Thos. A. Pope, the husband of the plaintiff and father of the three minor children, and were the only persons entitled to damages, the suit can not be maintained in the Texas courts by them, suing through Mrs. Pope as next friend and individually, and even should these facts disclose that the death of Thos. A. Pope occurred while engaged in interstate transportation, and the question were properly raised and presented by this record, that part of the Federal statute providing that suit should be brought by the personal representative, while possibly controlling the Federal courts, will not control State courts because such provision relates to the remedy only, and not to the right, and the suit being in the State court the procedure provided by the State court will control, since the law of the forum controls as to the manner and form of the remedy. Missouri, K. & T. Ry. Co. v. Wulf, 192 Fed., 919, which opinion was affirmed by

the Supreme Court of the United States on the 6th of January, 1913; Mondou v. New York, N. H. & H. R. Ry. Co., 223 U. S., 1, loc. cit., 58 and 59; Stewart v. Baltimore & O. Ry. Co., 168 U. S., 445, 42 L. Ed., 537; Boston & M. Ry. Co. v. McDuffey, 79 Fed., 934.

The fact that the statute of one place or jurisdiction provides that the action shall be brought by the personal representative for the benefit of a certain designated class of persons, while that of the other place provides that the action shall be brought directly by the beneficiaries or some of them, does not amount to a dissimilarity fatal to the jurisdiction; hence the court erred, even if the question of interstate character of the transaction was raised and presented in this case, in holding that because of such interstate character of the transaction this suit could be maintained only by the personal representative of deceased. Stewart v. Baltimore & O. Ry. Co., 168 U. S., 445, 42 L. Ed., 537; Boston & M. Ry. Co. v. McDuffey, 25 C. C. A., 247, 79 Fed., 934; Davidow v. Pennsylvania Ry. Co., 85 Fed., 943; Stoeckmans v. T. & I. Ry. Co., 15 Mo. App., 503; Wooden v. W. N. Y. & P. Ry. Co., 126 N. Y., 10; Essenwine v. Pennsylvania Ry. Co., 25 Ohio Law Journal, 396.

If the defendant had desired to question or intended to question the capacity of Mrs. Pope to maintain the suit in her own behalf and as next friend for her three minor children, it should have raised the issue by questioning her authority or right to maintain this suit by pleadings and sworn pleas. And not having questioned her capacity to maintain this suit by either pleading or sworn plea, it thereby waived such issue, and having tried its strength with plaintiff on the merits of the case it could not thereafter invoke a procedure without having raised the same in limine, and, therefore, the Court of Civil Appeals erred in holding that the capacity of Mrs. Pope to maintain this suit was a vital issue in the case and in reversing the case on the ground that she had no such capacity. Rev. Stats., art. 1265, subdivs. 2 and 3; Railway Co. v. Wulf, 192 Fed., 919; Railway Co. v. Seale, 148 S. W., 1099; Railway Co. v. Rogers, 150 S. W., 281; Texas & P. Ry. Co. v. Lacey, 185 Fed., 227; Texas & P. Ry. Co. v. Jackson, 193 Fed., 949.

Even should it be true that the suit was not under our State statute, and the Federal statute applied, which, under the case of Missouri, K. & T. Ry. Co. v. Wulf, supra, we can not concede, nevertheless, the local procedure of Texas was sufficient to award damages to the plaintiff in error as an individual and as next friend of her three minor children, and especially since the Federal statute must be construed so as to regard the rights of the real rather than the nominal beneficiary. Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S., 570; Stewart v. Baltimore & O. Ry. Co., 168 U. S., 445.

*H. S. Garrett, H. G. McConnell,* and *Blanks, Collins & Jackson,* for defendant in error.—Since the undisputed testimony shows that the deceased, Thomas A. Pope, met his death while engaged in interstate commerce as an employe of a common carrier by railroad, it follows

that a suit for damages for his death could only be maintained by his personal representative under the provisions of the Act of Congress of April 22, 1908, ch. 149, 35 Stat. L. 65, and this suit not having been so brought, no right of recovery exists in the plaintiffs and the judgment of the lower court must be set aside.    (a)    This court is bound by the finding of the Court of Civil Appeals with respect to interstate commerce:  Geer v. St. Louis, S. F. & T. Ry. Co. (Texas Sup. Ct.), 194 S. W., 939.   Engineer Pope was engaged in interstate commerce at the time of his death:  Geer v. St. Louis, S. F. & T. Ry. Co., supra; Fielder v. Missouri, K. & T. Ry. Co., 42 S. W., 362; L. & N. R. Co. v. Parker, 242 U. S., 13; Daley v. B. & M. R. R. Co., 166 N. Y. Supp., 840; Aldread v. Mo. Pac. R. Co., 160 Pac., 929; Giersch v. Atchison, T. & S. F. Ry. Co., 158 Pac., 54; M. D. & S. R. Co. v. Robinson, 91 S. E., 492; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S., 156; Pedersen v. Delaware, L. & W. R. Co., 229 U. S., 146; McNeil v. Southern R. Co., 202 U. S., 543; Johnson v. So. Pac. Co., 196 U. S., 1; Sabine Tram Co. case, 227 U. S., 111.   The plaintiff can not maintain this suit:  Act of Congress, April 22, 1908, ch. 149, 35 Stat. L. 65; Geer v. St. Louis, S. F. & T. Ry. Co., supra; Toledo, St. L. & W. R. Co. v. Slavin, 236 U. S., 454, 458; Atlantic Coast Line R. Co. v. Woods, 238 Fed., 917; New York, C. & H. R. R. Co. v. Tonsellito, 244 U. S., 360; St. Louis, S. F. & T. Ry. Co. v. Seale, supra; Pedersen v. Delaware, L. & W. R. Co., supra; Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S., 570; American R. Co. v. Birch, 224 U. S., 547; M. C. R. R. Co. v. Vreeland, 227 U. S., 59.

Since the facts are fully developed and from them it appears that plaintiffs can not maintain this suit and that the trial court should have directed a verdict in favor of defendant as requested by it, and since it further appears that the plaintiffs did not state a cause of action in the trial court, which they could by amendment bring within the purview of the Act of Congress of April 22, 1908, and since it further appears that any subsequent suit, if any, ever instituted by the personal representative of Thomas A. Pope, deceased, for damages for his death, must, in legal effect, be a new and independent cause of action to the suit at bar, it follows that this court should, under the plain provisions of the statutes and the rules of practice prevailing in this State, now enter judgment in favor of defendant in error.   Arts. 1522-1528, Rev. Stats., 1911; Crawford v. Houston & T. C. R. Co., 89 Texas, 91; McCord v. Sprinkle (Sup.), 141 S. W., 915; Walker v. Iowa Central Ry. Co., 241 Fed., 395; Ft. Worth & R. G. R. Co. v. Bird, 196 S. W., 597; Cretau v. Chicago & N. W. Ry. Co. (Minn.), 129 N. W., 855; Moliter v. Wabash Ry. Co. (Mo.), 168 S. W. 254[8].

A servant who knowingly selects a dangerous method of doing work with full knowledge on his part of the existence of a safe method of doing such work, assumes all risk incident to the use of the method selected, and if injured as the direct and proximate result of such selection, can not recover anything of his master for such injuries.   St. Louis

S. W. Ry. Co. v. Mathis, 107 S. W., 530; Houston & T. C. Ry. Co. v. Alexander, 119 S. W., 1135; International & G. N. Ry. Co. v. Meehan, 129 S. W., 190; Gulf, C. & S. F. Ry. Co. v. Dickens, 118 S. W., 612; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 632; Texas & P. Ry. Co. v. Bradford, 66 Texas, 752; Quill v. Houston & T. C. Ry. Co., 57 S. W., 948; Barnett v. Railway Co., 89 Texas, 72; Hyman v. Railway Co., 86 S. W., 928; Railway Co. v. Drew, 59 Texas, 10; Railway Co. v. Winton, 66 S. W., 477.

Where a servant knowingly selects a dangerous, in preference to a safe, plan of effecting his work, and it develops that such choice on his part directly and proximately contributed to cause his injuries, he will thereby be precluded from asserting any cause of action arising out of such injuries against the master, for the reason that under such conditions, our contributory negligence statute having no application, such negligence on his part creates a complete bar to any such cause of action. So. Pac. Ry. Co. v. Paul, 160 U. S., 438; Burns v. Lumber Co., 87 S. W., 163; Robinson v. Railway Co., 87 S. W., 667; Railway Co. v. Hernandez, 45 S. W., 197; Railway Co. v. Culpepper, 48 S. W., 922; Railway Co. v. Young, 27 S. W., 145; Oil Co. v. Jonte, 80 S. W., 847; Hettich v. Hillje, 77 S. W., 641; Railway Co. v. Conway, 156 Fed., 239; Railway Co. v. Arnold, 87 S. W., 173; Railway Co. v. Wellington, 65 S. W., 219; Andrews v. Oil Co., 74 S. W., 342.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action by the widow and three children of Thos. A. Pope to recover of the Kansas City, Mexico & Orient Railway Company of Texas damages for the death of Thos. A. Pope while engaged in the railway company's service as a locomotive engineer, the death being alleged to have resulted from the negligence of a conductor in the employ of the railway company, in giving a certain signal.

The amended original petition, on which the case was tried, did not allege whether the railway company was engaged in interstate or intrastate commerce at the time Pope received the injuries causing his death, or whether Pope was then employed in interstate or intrastate commerce.

The amended original answer on which the case was tried expressly reserved all of the railway company's rights under its overruled motion to dismiss and petition to remand the cause to the United States Circuit Court, wherein it was repeatedly averred that Pope's injuries arose while the company was engaged in interstate commerce and while Pope was employed by it in such commerce.

The uncontradicted evidence disclosed that Pope, when injured, was engaged as engineer in switching cars containing freight in process of transportation from Altus, Oklahoma, to the railway company's material yards at Sweetwater, Texas. And there was evidence to the effect that it was because of a signal negligently given by the conductor that a collision occurred between certain moving cars and Pope's engine, whereby he received the injuries which caused his death.

.The trial court refused the railway company's request for a peremptory charge and submitted the case to a jury, who returned a verdict for plaintiffs in error for amounts aggregating $25,000 on findings affirming the averments of negligence on the part of the conductor as the proximate cause of Pope's death. The trial court entered a judgment in accordance with the verdict, which was reversed by the Court of Civil Appeals, with instructions to render judgment for the railway company, if the evidence should be the same on another trial, upon two grounds, viz: first, that Pope's death having resulted from injuries received while he was employed by the railway company in interstate commerce, only his personal representative was entitled to recover; and, second, that the case proven did not support the case plead, Chief Justice Conner expressing no opinion on the latter question. 152 S. W., 185, 153 S. W., 163.

Most of the propositions urged by plaintiffs in error complain of the ruling that only a personal representative could recover on the facts developed by the evidence. The case of St. Louis, San Francisco & Texas Railway Company v. Seale is decisive that the switching between the station at Sweetwater and the railway company's material yards "was as much a part of the interstate transportation as was the movement across the State line," and that "the right of recovery, if any, was in the personal representative of the deceased, and no one else could maintain the action." 229 U. S., 161, 158. This decision involves the application and construction of a Federal statute and is binding on the State courts.

Plaintiffs in error also complain of the action of the Court of Civil Appeals in directing the District Court to enter a judgment for the railway company, should there be no change in the evidence. On the other hand, defendant in error asks that final judgment be rendered here in its favor on the two following grounds: First, that the uncontradicted evidence acquits it of negligence and charges the deceased with the assumption of the risk of his death; and, second, that no personal representative of Thos. A. Pope can now maintain a suit against the railway company for damages for his death, based on the Federal statute, because the same would present a new and different cause of action from that first sued on, and would be barred by limitation.

We have considered the facts in evidence and find that the question was for the jury as to whether the negligence alleged on the part of the conductor was the proximate cause of Pope's death; and, if so, it could not be held, as a conclusion of law, that Pope assumed the risk. Texas & N. O. Ry. Co. v. Kelly, 98 Texas, 136; Texas & P. Ry. Co. v. Behymer, 189 U. S., 470.

The contention that an amended petition in this case, in behalf of a personal representative of the deceased, alleging that he met his death while employed in interstate commerce, and while the railway company was engaged in such commerce, and making no other change, would introduce a new or different cause of action from that heretofore sued on

by plaintiffs in error, appears unfounded under a decision of this court, which has been affirmed by the Supreme Court of the United States.

In St. Louis & S. F. Ry. Co. v. Seale, 229 U. S., 158, a recovery by the widow and parents of an employe, Seale, for damages for his death as the result of the negligence of other employes of the railway company, was reversed because the petition "stated a case under the State statute," and the evidence developed a case "not controlled by the State statute but by the Federal statute"; and the case was "remanded for further proceedings . . . without prejudice to such rights as a personal representative of the deceased may have." At the time the order was entered, safeguarding the right of the personal representative, more than four years had elapsed from the date of Seale's death. After the mandate of the United States Supreme Court was returned to the Court of Civil Appeals of the Fifth Supreme Judicial District of Texas, a motion was made for the latter court to render judgment for the railway company, "on the ground that more than two years had elapsed since the accrual of the right of action and that the making of the personal representative a party would be the beginning of a new suit, and was, therefore, barred by limitations." The Court of Civil Appeals assigned as their reason for refusing the motion that "the plaintiffs have never had an opportunity to present their case under the ruling of the United States Supreme Court. We think it but just that they be permitted to so present it, and decline to here enter judgment reversing and rendering but reverse and remand the case for a new trial." St. Louis, S. F. & T. Ry. Co. v. Seale, 160 S. W., 318. Before the new trial, Seale's widow married one Smith and qualified as administratrix of Seale's estate. The administratrix was then substituted as plaintiff for the former plaintiffs and filed her amended petition, seeking a recovery as before, save in her new capacity and on the Federal, instead of the State, statute. She obtained a judgment for $7500, and the railway company, on appeal, complained that the trial court had erred in overruling its special exception to the petition of the administratrix, because it asserted a new cause of action more than two years after its accrual; and, in support of the assignment, the following proposition was advanced: "Appellee's original petition and first and second amended original petitions asserted a cause of action under the Texas death statute. The third amended original petition asserts a cause of action under the provisions of the Federal Employers' Liability Act, which is a new and distinct cause of action from that asserted in her original pleadings. The third amended original petition was filed more than two years after the cause of action arose, and, under the provisions of the Federal Employers' Liability Act, the same is barred and appellant's exception to said petition on that account should have been sustained." In overruling this proposition and affirming the judgment, the Court of Civil Appeals said: "The amendment setting up no new cause of action, the statute of limitation did not apply (Railway Co. v. Davidson, 68 Texas, 370, 4 S. W., 636), and there was no error in the overruling of the

exception." St. Louis, S. F. & T. Ry. Co. v. Smith, 171 S. W., 513.
On November 3, 1915, the petition for writ of error to review this judg-
ment of the Court of Civil Appeals was refused by this court (108
Texas, 634); and on April 16, 1917, the same judgment was affirmed
with costs by the United States Supreme Court, in a per curiam opinion,
"upon the authority of Missouri, Kansas & Texas Ry. Co. v. Wulf, 226
U. S., 570; Seaboard Air Line Ry. Co. v. Koennecke, 239 U. S., 352,
354; Seaboard Air Line Ry. Co. v. Renn, 241 U. S., 290, 293. See St.
Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S., 156." St. Louis S F.
& T. Ry. Co. v. Smith, Admx., 243 U. S., 630.

We think that the final ruling in the Seale case is necessarily adverse
to the opinions of the courts who have construed the opinion of the
United States Supreme Court in that case, on the first writ of error,
together with the opinions in the Wyler case and in the Wulf case, as
requiring the holding that an amendment showing that the cause of
action arose under the Federal law presented a new or different cause
of action from a petition stating a cause of action under the State law,
though the facts showing the tort and the damages therefrom were the
same in each pleading.

The Wulf case settled the rule that the substitution of the personal
representative for dependents introduced no new or different cause of
action; and, the opinion, in that case, as well as the later opinion in
Seaboard Air Line Ry. Co. v. Renn, 241 U. S., 290, plainly determined
that an amendment which does not set up such a different state of facts
as the ground of the action as to introduce a new or different cause of
action will relate back to the beginning of the suit. 226 U. S., 576.

Under the two opinions just mentioned, in order to sustain the con-
tention urged here by the railway company, we would have to say that
to correct the omission in the original petition in this case to plead
that the company was engaged, and the deceased was employed, in
interstate commerce, at the date of the negligence alleged to have
caused his death, would be not to correct a mere defective statement of
the cause of action arising from the negligence, but would be to in-
troduce a new or different cause of action. It is impossible for us to
say that, especially when the United States Supreme Court has said
exactly the opposite. For, the case of Illinois Surety Co. v. Peeler,
240 U. S., 214, approved in W. Ry. & Elec. Co. v. Scala, 244 U. S., 640,
squarely presented the question as to whether an amendment stated a
new or different cause of action, when it added to the averments of the
previous pleadings, a fact wholly omitted therefrom, which was, by the
express terms of a Federal statute, essential to the statement of a right
of action under the statute; and the opinion stated and answered the
question as follows: "This action was brought by sub-contractors under
the Act of August 13, 1894 (c. 280, 28 Stat., 278), as amended by the
Act of February 24, 1905 (c. 778, 33 Stat., 811), in the name of the
United States to recover upon a contractor's bond. The contract was
for the construction of a postoffice building in Aiken, South Carolina

(Act of March 30, 1908, c. 228, 35 Stat., 526, 528), and the Illinois Surety Company (plaintiff in error) was the surety. The summons and complaint were filed on March 4, 1913. Motion to dismiss was made on September 22, 1913, upon the ground that the complaint did not allege that there had been such completion and settlement more than six months, and within one year, prior to the commencement of the action. Another ground for the motion was that the remedy under the statute was in equity. The motion was denied, the court permitting the complaint to be amended so as to allege that the contract was completed in July, 1912; that final settlement was made by the Treasury Department on August 21, 1912; and that no suit had been brought by the United States against the contractor and his surety within the six months' period. The defendant, reserving its objection to the order denying the motion and allowing the amendment, answered.

The statute provides, page 812: "If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit . . . be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are thereby, authorized to bring suit in the name of the United States . . . against said contractor and his sureties, and to prosecute the same to final judgment and execution; provided, that . . . it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later." In Texas Cement Co. v. McCord, 233 U. S., 157, we said that this Act created a new right of action upon terms named; and hence that an action brought by creditors before six months had expired from the time of the "completion and final settlement of the contract" could not be sustained.

With respect to the amendment of the complaint, it is apparent that as there was an existing right of action under the statute at the time the suit was brought, the case was not within the decision in Texas Cement Co. v. McCord, supra. No new or different cause of action was alleged in the amended complaint. *The court merely permitted the defective statement of the existing right to be corrected by the addition of appropriate allegations,* and in this there was no error. Rev. Stats., sec. 954; Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S., 570; 576.

Seaboard Air Line Ry. Co. v. Koennecke, 239 U. S., 354, declared that the trial court might well have considered that the railway company was "endeavoring to get a technical advantage" in resisting "leave to amend so as to specifically bring the case under the Employers' Liability Act," but that "it would suffer no wrong" from the court's allowance of the amendment, for the reason that while "the cause of action arose under a different law by the amendment," yet "the facts constituting the tort were the same, whichever law gave them that effect."

The United States Supreme Court appears to have certainly indicated that it would adopt a liberal course in saving substantial rights under the Federal Employers' Liability Act from the bar of limitation, when it referred in its opinion in the Wulf case to McDonald v. Nebraska, 101 Fed., 171, 41 C. C. A., 278, where it declared: "In Lottman v. Barnet, 62 Mo., 159, the Supreme Court said: 'Amendments are allowed expressly to save the cause from the statute of limitations, and courts have been liberal in allowing them when the cause of action is not totally different.' . . . There are in the history of the jurisprudence of every country certain epochs which mark the beginning of distinct trains of legal ideas and judicial conceptions of justice. There was a time in England and in this country when the fundamental principles of right and justice which courts were created to uphold and enforce were esteemed of minor importance compared to the quibbles, refinements, and technicalities of special pleadings. In that period the great fundamentals of the law seemed little, and the trifling things great. The courts were not concerned with the merits of a case, but with the mode of stating it. And they adopted so many subtle, artificial, and technical rules governing the statement of actions and defense—for the entire system of special pleading was built up by the judges without the sanction of any written law—that in many cases the whole contention was whether these rules had been observed, and the merits of the case were never reached, and frequently never thought of. Happily for mankind, and for the law itself, that epoch is past in England and in this country, and we now have an epoch in which substance is more considered than form, in which the justice and right of the cause determines its decision, and not some technical error or mistake in the pleadings. In England today the amendment complained of in this case would be allowed quite as a matter of course, and the suggestion that the defendant had gained some advantage by the mistake would not be entertained for a moment. There, as here, every error or mistake in the pleadings which does not affect the substantial right of the adverse party may be cured by amendment; and what is meant by substantial right is a right going to the actual merits of the case. Such a right is not acquired by a mistake or error of pleadings which has not misled the other party to his prejudice. And the prejudice must be actual and irreparable, and not merely theoretical. At this day the party who seeks to profit by an error or mistake in pleading must be able to invoke the principle upon which the law of estoppel is founded."

The Supreme Court of Wisconsin conclusively answered the objections made here to the right to amend, in holding: "The point involved upon this appeal, under the assignments of error, is whether the amended complaint set up a different cause of action than that stated in the original complaint. The contention of the appellant is that there is but one cause of action, and that under the Federal Act, while on the part of the respondent it is insisted that the original complaint set up a cause

of action under the State law, and that the amendment changed it from a cause of action under the State law to one under the Federal Act. It is obvious that but one cause of action existed upon all the facts stated in the amended complaint. It is equally obvious that the original complaint was defective in failing to State certain facts going to show that at the time the injury was sustained the parties were engaged in interstate commerce. Nothing stated in the amended complaint was in conflict or inconsistent with the allegations of the original complaint. The cause of action upon which the plaintiff sought to recover damages was defectively stated in the original complaint, and the defects were cured by the amendment. But one cause of action was stated. The amendment related back to the original complaint and became a part of it; hence the statute of limitation was no defense." Curtice v. Chicago & N. W. R. Co., 162 Wis., 421, 156 N. W., 484, L. R. A. 1916D, 318.

And, in the Curtice case, the proper distinction was drawn between the right of amendment here involved and that determined in the Wyler case, relied on by defendant in error, when the court said: "We think a careful examination of Union P. R. Co. v. Wyler, supra, will show that it is clearly distinguishable from the instant case. In the Wyler case the amendment changed not only the cause of action, but the nature and substance of the cause of action. The whole discussion in the opinion in the Wyler case goes upon the idea that an entirely new and different cause of action can not be set up by way of amendment, and thus escape the plea of the statute of limitation on the ground that the new cause of action related back to the time of filing the complaint. But the facts in the Wyler case and the reasoning in the opinion have no application to a case where there is but one cause of action which is defectively stated and the defect cured by amendment." L. R. A., 1916D, 318.

The United States Supreme Court, on May 20, 1918, denied a petition for a writ of certiorari to the Supreme Court of Wisconsin to review its judgment in Curtice's case. Chicago & N. W. Ry. Co. v. Curtice, 247 U. S., 510; No. 4 Advance Sheets, Banks Law Pub. Co.

Under the settled rules of pleading and practice in this State, the right to amend, so as to defeat limitation, when interposed against the cause of action which accrued, under the Federal statute, to the representative of Pope's estate, can not be doubted.

Theuvenin v. Lea, 26 Texas, 615, announces the principle, always adhered to by this court, that "the very object of an amendment is to supply the omissions of the original pleadings. And it never has been supposed that the statute of limitation would present any impediment to its being done at any time during the progress of the cause. The statute only operates as a bar when it is sought under the name of an amendment to present a new suit." Tribby v. Wokee, 74 Texas, 144.

The principle has been repeatedly applied in Texas to save causes of action from the bar of limitation, when such causes of action were pre-

sented in amendments filed after the expiration of the statutory period, notwithstanding the original pleadings, which were filed within the statutory period, were so lacking in averments essential to the statement of a cause of action as to be bad on general demurrer. Western U. Tel. Co. v. Smith, 146 S. W., 333; Boyd v. Beville, 91 Texas, 443, 444, 44 S. W., 287; Bigham v. Talbot, 63 Texas, 273.

We are also of the opinion that the defect, now under consideration, in the original petition of plaintiffs in error was cured by the affirmative allegations in the railway company's motion to dismiss and petition to remand to the United States Circuit Court, to the effect that both Pope and the company were engaged in interstate commerce when he was injured. The motion and petition to remand were filed within two years after Pope died, and the company in its last amended answer expressly reserved its every right under the motion and petition.

The law, which must control here, is clearly expressed in Hill v. George, 5 Texas, 89, where the statement in Gould on Pleading is approved to the effect that: "If one party expressly avers or confesses a material fact omitted on the other side, the omission is cured. It may thus be made to appear, from the pleadings on both sides that the plaintiff is entitled to the judgment, although his own pleading, taken by itself, is insufficient." Gulf, C. & S. F. Ry. Co. v. Anderson, 76 Texas, 252, 13 S. W., 196; Arkansas Fertilizer Co. v. Bank, 104 Texas, 191; Texas & N. O. Ry. Co. v. Miller, 128 S. W., 1170: Houston & T. C. Ry. Co. v. Fife, 147 S. W., 1186.

The following are among the cases which apply the rule stated to facts in all material respects like those of this case: King v. Norfolk & S. R. Co. (N. C.), 97 S. E., 30; Curtice v. Chicago & N. W. R. Co., 162 Wis., 421, L. R. A., 1916D, 318; White v. Central Vermont Ry. Co., 87 Vt., 330, 89 Atl., 621. In affirming the judgment of the Supreme Court of Vermont in the latter case, the United States Supreme Court announced that the decision of the State Supreme Court with respect to aider of a pleading seeking to recover damages for a death under the Federal Employers' Liability Act, by an allegation in an answer thereto and by a replication to such answer, being "on a matter of State pleading and practice, is binding on this court." Central Vermont Ry. v. White, 238 U. S., 513.

The judgments of the District Court and of the Court of Civil Appeals will be reversed, and the cause is remanded to the District Court for further proceedings, not inconsistent with this opinion, and without prejudice to such rights as a personal representative of Thos. A. Pope, the deceased, may have.

*Reversed and remanded.*