SOUTHWESTERN TELEGRAPH & TELE-
PHONE CO. v. HARRIS et al.
(No. 2077.)

(Court of Civil Appeals of Texas. Texarkana.
June 12, 1919. Rehearing Denied
July 3, 1919.)

1. TELEGRAPHS AND TELEPHONES ☞45—LIABILITY FOR NEGLIGENCE IN FAILING TO MAKE CONNECTION TO GIVE NOTICE OF DEATH.

Where a telephone company was informed that a requested connection was to enable a mother's agent to get in touch with her children, to inform them that another child had been shot, so that they could attend the funeral, the telephone company was liable for any negligence in failing to make the connection.

2. TELEGRAPHS AND TELEPHONES ☞66(4)—EVIDENCE SUFFICIENT TO SHOW MENTAL ANGUISH FROM INABILITY TO GIVE DEATH NOTICE.

In a mother's action against a telephone company for negligently failing to put her in touch with a son by long-distance, to summon him and other children to the funeral of another child, evidence held sufficient to show that the mother suffered mental anguish by reason of the absence of some of her children, though the others attended.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by Mary Harris and others against the Southwestern Telegraph & Telephone Company. From judgment for plaintiffs, defendant appeals. Affirmed.

John E. Frank, Jos. D. Frank, and C. M. Means, all of Dallas, for appellant.
Thos. W. Thompson, of Greenville, for appellees.

HODGES, J. This suit was filed by Mary Harris, Aub Harris, Alma Harris, and Jesse Harris against the Southwestern Telegraph & Telephone Company for the purpose of recovering damages for the negligent failure to enable the parties to communicate over the appellant's long-distance line. The pleadings and proof show that Mary Harris resided at Naples, Tex., and is the mother of her coplaintiffs in this suit; that in December, 1916, her youngest daughter was killed, and Mary Harris wished to notify her children Aub, Alma, and Jesse, who were residing at or near Quinlan, Tex., in order that they might attend the funeral. At her instance Walter Fagan un-

dertook to communicate with Aub Harris over the long-distance telephone, but failed. For the purposes of this appeal it is conceded that his failure was due to the negligence of the appellant's agents. The case was submitted to a jury on special issues, and upon the answers returned judgment was rendered in favor of Mary Harris for $200, and for $75 in favor of each of her coplaintiffs. In this appeal complaint is made only of the recovery in favor of Mary Harris.

It appears from the record that this judgment was sought and obtained upon the ground that Mary Harris had suffered mental anguish by reason of the failure to have her above-named three children present with her at the funeral of her deceased daughter. The appellant contends that the evidence fails to show that its servants, to whom application was made for the service, had any notice that such special damages would likely result from a failure to put Fagan in communication with Aub Harris. Fagan testified, in substance, that he went to the telephone office at the instance of Mary Harris, and put in a call for Aub Harris at Quinlan, who was expected to notify Alma and Jesse Harris; that he told the man in charge of the telephone office that he wanted to get Aub .Harris— wanted him at once; that Harris' sister had been shot; that the call was from Mary Harris, his mother; told him that the mother of Aub Harris, Jesse Harris, and Alma Harris ·wanted them to come. He further testified that he remained at the office for some time, but failed to get in communication with Aub Harris. It was further shown by the evidence that, by reason of the failure to put the parties in communication with each other, Aub, Alma, and Jesse Harris did not learn of their sister's death for some days after her burial; that, had they received the information at the time Fagan was attempting to communicate with them, they could and would have attended her funeral.

[1] The case of Western Union Telegraph Co. v. Luck, 91 Tex. 178, 41 S. W. 469, 66 Am. St. Rep. 869, is referred to as authority for the proposition asserted by the appellant. In that case the following message was sent:

"To Bertha Wincker, Care A. J. Ladner, Eagle Pass. Luck is very sick; come home at once. Mina Luck."

Through the negligence of the telegraph company this message was not delivered. Mina Luck was the wife of the sick man, and Bertha Wincker was her daughter. If the message had been delivered, the daughter could and would have been with her mother before and at the time of the death of Luck. In a suit by Mina Luck to recover for mental anguish endured by her on account of the absence of her daughter on that occasion, the court held that without further notice the terms of the message were insufficient to inform the telegraph company of the relations between Mina Luck and Bertha Wincker, or that the special damages alleged would probably result from the failure to transmit and deliver the message. While the telegraph company in such cases is charged with notice that there was a near relationship between the addressee and the party mentioned in the message, it was not charged with notice of the relations that might exist between the sender and the addressee. In that case the message alone was relied on for notice to the company of the relationship between Mina Luck and Bertha Wincker. In this case the situation is materially different. Here the appellant's agent was, at the time the call was delivered, fully informed of the relationship existing between all of the parties, and of the purpose of the call. It is true the agent was not informed that Mary Harris wanted her children because of the consolation resulting from their presence. But that was not necessary. A knowledge of the relationship existing between her and the absent ones and the party to whose funeral they were to be summoned was sufficient to notify the appellant of the natural consequences that might be expected to result from a failure to communicate the message. The consolation which a mother derives from the presence of her children when burying another child is not unusual or extraordinary; it is one of the normal sensations which grow out of that relationship. That her grief might be intensified by the absence of her children was but a reasonable inference to be drawn by one familiar with all the circumstances. These facts, we think, distinguish this case from that of Western Union Telegraph Co. v. Luck. The assignment is overruled.

[2] It is also contended that the proof was insufficient to show that Mary Harris suffered any mental anguish by reason of the absence of her three children. It is true the testimony shows that she was the mother of a number of other children who were present with her on that occasion; but this is not to be taken as conclusive evidence that she did not endure some suffering on account of the absence of others. She testified that she did, and the state of the evidence is not such as to require us to say that her testimony was untrue.

The judgment is therefore affirmed.