## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CRABTREE. (No. 2804.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 3, 1923. Rehearing Denied Nov. 15, 1923.)

**1. Pleading ⬤⟿403(4) —Omission to plead cause of action under federal Employers' Liability Act held cured by answer.**

Plaintiff's failure to plead a cause of action arising under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) *held* cured by defendant's answer, alleging it was a common carrier engaged in interstate commerce at the time of plaintiff's alleged injury, that its line of railway was then being used by it, and carried on such commerce, and that plaintiff was then engaged in keeping its track in repair.

**2. Appeal and error ⬤⟿994(2)—Credibility of witnesses is for jury.**

Credibility of the testimony of plaintiff and his witness is for the jury, and not for the appellate court.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by W. C. Crabtree against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

This appeal is from a judgment in appellee's favor for $1,500 as the damages he was entitled to recover of appellant on account of injury to his person which he claimed he suffered while discharging duty he owed appellant as a section hand in assisting other section men in lifting a hand car from appellant's track. In his petition appellee alleged that, while he and one Durham were lifting one end of the hand car, Simmons and Thomas, the section men lifting the other end thereof, "negligently, suddenly, and violently" gave the car—

"a sudden turn and jerk or surge, at the same time shaking their end of the car up and down, and jerking the same forward at the same time, which caused said Durham to stumble and fall, and the plaintiff was by said sudden turn, jerk, or surge and the falling of said Durham jerked down by said heavily loaded car, and the sudden jerk and weight of the same on the plaintiff and the jerking of him forward in a straining attitude caused him to be seriously and badly ruptured."

On special issues submitted to them the jury found that Simmons and Thomas, or one of them, was guilty of negligence charged against them which was a proximate cause of injury to appellee as alleged in his petition. The jury further found that the injury to appellee was not due to a risk he assumed as one of appellant's section men.

At the trial it was agreed that the track appellee and the other section men—

"were employed to work on, and on which they were working, was an instrumentality used by interstate commerce, and the plaintiff was engaged in keeping up the track."

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, and Johnson & Waters, of New Boston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] One of two contentions presented by appellant is that the judgment should be reversed "because of fundamental error apparent in the record," in that it appeared that appellee's cause of action "was," quoting—

"one depending exclusively on the provisions of the federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665], and, since he pleaded no cause of action arising under the provisions of that act, the judgment rendered in his favor is unsupported by his pleadings."

[2] The contention is overruled. The omission in the petition was cured by allegations in appellant's answer that it was a common carrier engaged in interstate commerce at the time appellee claimed he was injured, that its line of railway was then being used by it in carrying on such commerce, and that appellee was then engaged in keeping its track in repair. The rule is (Pope v. R. Co., 109 Tex. 311, 207 S. W. 514) that—

"If one party expressly avers or confesses a material fact omitted on the other side, the omission is cured. It may thus be made to appear, from the pleadings on both sides, that the plaintiff is entitled to the judgment, although his own pleading, taken by itself, is insufficient."

[3] The other one of the two contentions is that the finding of the jury that either Simmons or Thomas was guilty of negligence as charged against him was not warranted by the testimony. The argument in support of the contention seems to be based, mainly, on the view that it appeared that appellee and Durham, the only persons who testified to the facts relied upon to support the finding, were not worthy of belief. Whether they were or not was for the jury to determine, and we have found nothing in the record which, as we see it, would justify us in saying they did not rightly determine the question.

The judgment is affirmed.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes