## Tosh v. Illinois Central Railroad Company.

(Decided May 6, 1924.)

### Appeal from Caldwell Circuit Court.

1. Removal of Causes—Order Remanding Final and Not Appealable, and Conclusive on State Court.—Federal courts have exclusive right to determine own jurisdiction in matters of removal of causes, and order of district court remanding to state court is final and not appealable, and conclusive on the state court.
2. Appeal and Error—Appeal from Order of Removal Dismissed as Moot.—Where, pending an appeal from an order transferring cause to federal court, latter court remanded case to state court, appeal presented a moot question and will be dismissed.

R. W. LISANBY and ALVIN LISANBY for appellant.

JOHN C. GATES and TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Dismissing.

Appellant, as plaintiff in the court below, sued the I. C. R. R. Co., and its section foreman T. E. Harper, jointly, for personal injuries alleged to have been received through the negligence of defendants.

The railroad company filed a petition for removal to the federal district court on account of diverse citizenship, it being alleged that there was no cause of action stated as against Harper, and that the joinder was for the fraudulent purpose of giving the court jurisdiction over it.

The necessary formalities were complied with and the lower court ordered a transfer and this appeal results. Pending this appeal appellant moved the district court for a remand, and upon considertaion of the original petition and evidence heard on the merits as to

fraudulent misjoinder the district court sustained the motion and remanded the case to the state court.

Certified copies of the orders in the federal court have been filed in this court and appellant asks a reversal on the strength of that ruling. The federal courts have exclusive right to determine their own jurisdiction in these matters and the order of the district court remanding is final and not appealable (German National Bank v. Speckart, 181 U. S. 407; Yunkhause v. Feltenstein, 244 U. S. 143), and is conclusive on the state court. Western Union Tel. Co. v. Luck, 91 Tex. 178; Missouri Pacific Ry. Co. v. Fitzgerald, 160 U. S. 557; Pioneer Sou. & L. Co. v. Peck, 49 S. W. 168.

It follows that this is a moot question and it is unnecessary for us to determine as to whether or not the lower court erred in its ruling. The appeal will be dismissed at appellee's cost without prejudice to subsequent proceedings in the lower court upon the remand of the case.

Wherefore the appeal is dismissed.